IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
~~WESTERN~~ NORTHERN DIVISION   2006 JUN -1 P 6:10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PATRICK LEWIS, JACK RICHARDSON, NATHANIEL LAMAR, WILLIAM RAGLAND, RALO COLVON & ERVIN TARVER )<br><br>Plaintiffs, )<br><br>v. )<br><br>K2 INDUSTRIAL SERVICES, INC and MANSFIELD INDUSTRIAL COATING, Inc., a Corporation )<br><br>Defendant. ) | 2:06CV 497-SRW<br>CIVIL ACTION NO.:<br>CV<br>JURY TRIAL DEMANDED |

## COMPLAINT

This action is brought to redress a pattern and practice of employment discrimination based on race and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, and 42 U.S.C. § 1981 and 1981(a), common law breach of contract, negligence and outrage. Plaintiffs alleges a continuing violation of Title VII of the "Civil Rights Act of 1964", 42 U.S.C. § 2000e et seq., as amended, the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 1981(a).

I. JURISDICTION

1. The jurisdiction of this Court is invoked by the plaintiffs pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This suit is authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981(a) and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. § 1981, and 1981(a) providing for injunctive and other relief against racial discrimination and a racially hostile working environment. Plaintiffs claims of common law breach of contract, negligent hiring and negligent retention and outrage arise out of the same facts as plaintiffs' federal claims.

2. Plaintiffs have fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. Plaintiffs timely filed this action within the two and/or four-year statute of limitations set forth under 42 U.S.C. § 1981. And within ninety (90) days of the receipt of his notice of right to sue pursuant to Title VII.

II. PARTIES

3. Plaintiffs, Patrick Lewis, (hereinafter Lewis), Nathaniel Lamar (hereinafter Lamar), William Ragland (hereinafter Ragland), Ralo Colvin (hereinafter Colvin), and Ervin Tarver

(hereinafter Tarver) are African-American male and residents of Alabama and a citizens of the United States. Plaintiff Jack Richardson (hereinafter Richardson) is a white male. Plaintiffs, Patrick Lewis, Jack Richardson, Nathaniel Lamar, William Ragland, Ralo Colvin, and Ervin Tarver are persons aggrieved under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 1981(a).

4. Defendant, K2 Industrial Services, Inc. And Mansfield Industrial Coating, Inc. are entities doing business in Alabama. K2 Industrial Services, Inc is a Chicago, Illionois corporation and the parent company of Mansfield Industrial. K2 and Manisfield are an entities subject to suit under Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981 and 198(a). The defendants employs at least fifteen (15) persons.

III. STATEMENT OF FACTS

5. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4 above with the same force and effect as full set out in specific detail hereinbelow.

6. Plaintiffs, area all former employees of the defendant Mansfield working in Alabama. Each of the Employees were employed with the defendant in 2002 or 2003.

7. Each of the plaintiff's suffered racial discrimination at the hands of their employer including the creation of a racially hostile working environment. Plaintiff Richardson

was discriminated and retaliated against for his association with African American employees including but not limited to the other plaintiffs. Once the white Superintendent Johnny Cruthfield found out that some of the African American employees rode to work with Richardson, he began to refer to Richardson as a **nigger lover**. Richardson also heard Crutchfield refer to other African American employees as ❑ **dumb ass niggers**.❑

## PATRICK LEWIS

8. Patrick Lewis is an African American male and former employee of K2 and Mansfield. Lewis was hired March 10, 2003 as a journeyman painter. Prior to being hired at Mansfield he had 16 years experience as an industrial painter. Two of the white employees, Earl ( last name unknown) and the foreman Johnny Reed, did not know painting. Out of approximately 10 employees, I was the only African American employee assigned to plant 2.

9. During my employment I was referred to as a **black bastard** and an ❑ **arrogant nigger**. Moreover, I witnesses white employees refer to Mexican employees as **wet back scumb**. I also witnessed a white employee pull a knife on and threaten a Mexican emplyee. After complaining to Mansfield❑s management I was retaliated against in that I was transferred to another job site in Atlanta for my opposition to racial discrimination.

10. White employees were allowed to receive pay for rain days, however, I was denied this opportunity and upon information and belief other African American employees were denied

the same opportunity to work and receive pay for rain days. In addition I was denied the position of a regular full-time employee which would have allowed me to receive full employee benefits including medical and retirement benefits.

11. My employment was terminted allegedley for cursing at a white supervisor who had cursed me for allegedly being late, however, I was not late. Moreover, white employees cursed all of the time and were not disciplined nor was there employment terminated.

## JACK RICHARDSON

12. Jack Richardson, is a white male who was employed with the defendant in January 2003 as helper. Pryor to being hired at Mansfield he did not have any prior painting experience. During his employment Richardson rode to work with African American employees. Throughout his employment Richardson witnessed a difference of treatment between himself and African American employees and witnessed the use of racial slurs by white supervisory employees including the white Superintendent Cruthfield. For example, Richardson witnessed that when the African American employees were late they were in some way disciplined, however, he was never disciplined. Moreover, as a white employee he would be paid for showing up on rain days, however, when he showed up with the African American employees, neither he or the African American employees would be paid.

13. In June 2003, Mansfield hired a white male named Robert, last name unknown. In

my opinion, Robert was a racist. For example Robert would refer to African American employees as "ignorant niggers" and Robert would state openly at work that he hated to work with niggers and Mexicans. Robert also referred to African American employees as stupid niggers. These statement were often made in the presence of Cruthfield and Supervisor Reed, however, Mansfield never disciplined Robert for these statements. Robert and Cruthfield found out that one of the African American employees was riding to work with me and they started refering to me as a a "nigger lover." I also heard Cruthfield say that if it was up to him he would not give them "dumb ass niggers" their checks.

## NATHANIEL LAMAR

14. Nathaniel Lamar was employed with the defendant in September 2002 as a laborer. Lamar was performing duties as a painter and had prior experience as a painter, however he was paid less than whites doing the same job who did not have as much experience and who did not know how to mix paint. Throughout my employment I was treated differently and disciplined more harshly for small infractions than white employees who made the same infractions. For example, white employees were paid show time on rain days but African American employees were not paid for rain days. Johnny Cruthfield and Johnny Reed would disciplined African American employees for being late however, white employees could be late or miss work and not be discplined.

## WILLIAM RAGLAND

15. Ragland was employed with the defendant in March 2003 as a helper. His job duties included operating heavy equipment, assembling scaffolds, brush painting and roll painting. At the time Ragland was hired he had coating experience and held a certification card. During my employment whites were treated differently than African American employees. For example, when whites were late or did not show up for work they were not disciplined or terminated. Moreover, white employees were given insurance benefits where as African American employees were denied insurance benefits and/or had to spend more time on the job before they received insurance benefits from the defendant.

## RALO CALVIN

16. Calvin was employed with the defendant on march 17, 2003 as a painter. At the time of hire Calvin had a spraying certification and forklift operator experience. However, he was paid less than white employees with less experience. Additionally whites were paid show up time for rain days wherein African American employees were not.

17. During my employment I was also subjected to a racially hostile environment. For example, Robert a white employee stated that he did not want to work with 0 niggers0 and that he would rather go home than work with niggers. Johnny Reed, a supervisor heard this but did not discipline Robert.

18. K2/Mansfield0s actions evidence a pattern and practice of racial discrimination in

violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42.U.S. C. § 1981.

IV. STATEMENT OF CLAIMS:

COUNT I: VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18 above with the same force and effect as full set out in specific detail hereinbelow. This cause of action is brought against the defendant Farmers only.

20. Plaintiffs have been discriminated against and treated differently than similar situated white employees solely because of their race, African American or association with people of the African American race, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and condition and enjoyment of plaintiffs employment.

21. Furthermore, said acts of discrimination have affected the income of the plaintiffs and denied them insurance benefits.

22. Plaintiffs, whether one or more, complained to Management about the difference in treatment, however, the all white management staff of the K2/Mansfield failed or refused to take any corrective remedial action. Indeed, white managerial employees of the defendant would

refer to the plaintiffs in a racially derogatory manner and plaintiffs were the object of racially derogatory slurs and jokes. Plaintiffs were forced to be supervised by agents of the defendant, who demonstrated a general animus for blacks. Said animus affected the terms, conditions and enjoyment of the plaintiffs work and their income.

23.	This reckless and willful discrimination on the part of the defendants constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

24.	As a further consequence and effect of the defendants' unlawful conduct and practices, the plaintiffs was deprived of income and other compensation and benefits.

25.	Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the defendant's racially discriminatory and demeaning and unlawful conduct.

26.	The plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II:   42 U.S.C. SECTION 1981 and 1981(a)

27.	Plaintiffs re-allege and incorporates by reference paragraphs 1 through 18 above

with the same force and effect as full set out in specific detail hereinbelow.

28. The effect of the defendants' discrimination as outlined above has been to deprive the plaintiffs of the same right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. § 1981 and 1981(a).

29. As a further consequence and effect of the defendants' unlawful conduct and practices, the plaintiffs were deprived of income and other compensation and benefits.

30. Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the defendant's racially discriminatory, demeaning and unlawful conduct.

31. The plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III  RETALIATION SECTION 704(a) CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SECTION 1981

32. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18 above with the same force and effect as full set out in specific detail hereinbelow.

33. Plaintiffs have been retaliated against for opposing or participating in opposition

to racial discrimination.

34. The effect of the defendants' retaliation as outlined above has been to deprive the plaintiffs of the right to oppose discriminatory business practices in violation of Title VII and 42 U.S.C. § 1981 and 1981(a).

35. As a further consequence and effect of the defendants' unlawful conduct and practices, the plaintiffs were deprived of income and other compensation and benefits.

36. Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the defendant's racially retaliatory and demeaning and unlawful conduct.

37. The plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT IV COMMON LAW BREACH OF CONTRACT

38. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18 above with the same force and effect as full set out in specific detail hereinbelow.

39. K2/Mansfield entered into a contract whereby the defendant(s), agreed to support the plaintiff's efforts, in good faith.. Defendant breached the duty of good

faith by failing to assist the plaintiffs and by altering the terms and conditions of their employment.

40. The plaintiffs has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT V:  NEGLIGENT TRAINING, SUPERVISION AND RETENTION

41. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 18 above with the same force and effect as full set out in specific detail hereinbelow.

42. K2/Manisfield was negligent in failing to properly train their agents in such a manner as to prevent the racial discrimination which proximately caused injury to the plaintiffs.

43. K2/Manisfield was negligent in failing to properly supervise it's managerial employees/agents in a manner which would have prevented the racial discrimination which proximately caused injury to the plaintiffs.

44. K2/ Manisfield was negligent in retaining employees who harbored racial animus and ill will towards people of color and who were in a position of authority over the plaintiffs. Said retention proximately caused injury to the plaintiffs.

45. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT VI: OUTRAGE

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18 above with the same force and effect as full set out in specific detail hereinbelow.

47. The actions of the defendant(s) in all respects to the claims in this law suit concerning the relationship between the plaintiffs' and K2/Manisfield was intentional and reckless, and so extreme and outrageous that it has caused the plaintiffs' emotional distress so sever that no reasonable person, or reasonable black person, could be expected to endure the defendant's actions.

48. The plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully prays that this Court:

1. Issue a declaratory judgment that the defendants' acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the plaintiffs as secured by The Civil Rights Act 1964, as amended, "Civil Rights Act of 1866," 42 U.S.C. § 1981, as amended, and the Civil Rights Act of 1991.

2. Grant the plaintiffs a permanent injunction enjoining the defendants, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendants' request from continuing to violate the plaintiffs' rights.

3. Enter an Order requiring the defendants to make the plaintiffs whole by granting appropriate declaratory and injunctive relief, and back-pay, front-pay (plus interest), the reasonable value of all benefits lost, as well as nominal and/or compensatory and punitive damages.

4. The plaintiffs further pray for such other relief and benefits as the cause of justice may require, including an award of attorney fees.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY JURY.**

Respectfully submitted,

_____
Byron R. Perkins
Alabama Bar No. ASB-0183-N75B
Attorney for Plaintiffs

OF COUNSEL:

The Cochran Firm
505 North 20th Street Suite 825
The Financial Center
Birmingham, Alabama  35203
(205) 244 1115
BPERKINS@Cochranfirm.com

_____
Prince Chestnut
Alabama Bar No. ASB-1709-R76C
Attorney for Plaintiffs

OF COUNSEL
Chestnut, Sanders, Sanders
Pettaway & Campell, LLC
One Union Street
Post Office Box 1200
Selma, Alabama 36701

PLAINTIFF'S ADDRESS:
All Plaintiff's in care Of:
c/o   Prince Chestnut, Esq.
Chestnut, Sanders, Sanders, Pettaway & Campell, LLC
One Union Street
P.O. Box 1200
Selma, Alabama   36701

## DEFENDANTS' ADDRESS:

K2 Industrial Services, Inc.
414 N. Orleans Suite 202
Chicago, Il 60610

Manisfield
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama   36109

Truck Insurance Exchange
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama   36109

Fire Insurance Exchange
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama   36109

Mid-Century Insurance Company
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama   36109

Farmers New World Life Insurance Company
Mr. Knox Argo
300 South Hall
Montgomery, Alabama   36102

Mr. Michael T. McMahon
District Manager
2021 West Clinton Avenue, Suite A
Post Office Box 205
Huntsville, Alabama   35804

Mr. Ed Girard
Division Marketing Manager
22 Inverness Parkway, #320
Birmingham, Alabama   35242