IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK LEWIS, JACK RICHARDSON, )<br>NATHANIEL LAMAR, WILLIAM )<br>RAGLAND, RALO COLVON [sic] & )<br>ERVIN TARVER, )<br>　　　　　　　　　　　　　　　　　　　) <br>　　　　Plaintiffs, ) <br>　　　　　　　　　　　　　　　　　　　) <br>v. ) <br>　　　　　　　　　　　　　　　　　　　) <br>K2 INDUSTRIAL SERVICES, INC. and )<br>MANSFIELD INDUSTRIAL COATING, )<br>Inc., a corporation ) <br>　　　　　　　　　　　　　　　　　　　) <br>　　　　Defendants. ) | CASE NUMBER<br><br>2:06-CV-497-WKW |

## ANSWER TO COMPLAINT

Defendant K2 Industrial Services, Inc. ("Defendant" or "K2 Industrial"), for answer to the Plaintiffs' Complaint and preserving all of its defenses under Federal Rule of Civil Procedure 12, says as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant K2 Industrial and Defendant Mansfield Industrial, Inc. ("Mansfield") are not a single employer for purposes of Title VII, 42 U.S.C. §2000(e), and Defendant K2 Industrial is therefore improperly named as a defendant in this case.

1

## THIRD DEFENSE

As a parent corporation, Defendant K2 Industrial Services, Inc. is not liable for the alleged Title VII, 42 U.S.C. §2000(e) and 42 U.S.C. §1981 violations of its wholly owned subsidiary, Defendant Mansfield.

## FOURTH DEFENSE

Defendant avers that it did not participate in, authorize, ratify, or benefit from any alleged wrongful acts asserted in the Complaint.

## FIFTH DEFENSE

Except as admitted below, Defendant pleads the general issue, denies the material allegations of the complaint and demands strict proof thereof. Defendant responds to the individual paragraphs of the Complaint as follows:

## I. JURISDICTION

1. Admitted that Plaintiffs seek to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §1331, §1343(4), 2201, 2202 and 42 U.S.C. § 2000(e) *et seq*, but denied that Plaintiffs have a cause of action against Defendant. Admitted that Plaintiffs bring suit for alleged race discrimination and a racially hostile working environment under Title VII, 42 U.S.C. §2000(e) and 42 U.S.C. §1981 but denied that any racially discriminatory conduct occurred.

2. Defendant denies that Plaintiffs have fulfilled all conditions precedent or exhausted its administrative remedies prior to the institution of this suit under Title VII. Defendant is without sufficient information to admit or deny that Plaintiffs filed their complaint within 90 days of receiving the Notice of Right to Sue from the EEOC and therefore denies same.

## II. PARTIES

3. Upon information and belief, admitted that Plaintiffs Patrick Lewis, Nathaniel Lamar, William Ragland, Ralo Colvin, and Ervin Tarver are African American males. Admitted that Plaintiff Jack Richardson is a white male. Defendant is without sufficient information as to where Plaintiffs currently reside. Denied that any alleged acts of discrimination occurred while Plaintiffs were employed by Mansfield.

4. Admitted.

## III. STATEMENT OF FACTS

5. Defendant adopts and incorporates its answers to Paragraphs 1 – 4 herein.

6. Admitted.

7. Denied.

### PATRICK LEWIS

8. Defendant admits that Patrick Lewis was hired by Mansfield on March 17, 2003, as a painter and sandblaster on the General Electric Plastics job (the "G.E. job"). Defendant denies the remaining allegations of Paragraph 8.

9. Denied.

10. Denied.

11. Denied.

### JACK RICHARDSON

12. Defendant admits that Jack Richardson was hired by Mansfield on January 8, 2003, as a helper on the G.E. job. Defendant denies that it engaged in any discriminatory conduct against the Plaintiffs. Defendant denies the remaining allegations of Paragraph 12.

13. Defendant denies that it engaged in any discriminatory conduct against the Plaintiffs. Defendant denies the remaining allegations of Paragraph 13.

## NATHANIEL LAMAR

14. Defendant admits that Nathaniel Lamar was hired by Mansfield on September 11, 2002, as a helper on the G.E. job. Defendant denies that it engaged in any discriminatory conduct against the Plaintiffs. Defendant denies the remaining allegations of Paragraph 14.

## WILLIAM RAGLAND

15. Defendant admits that William Ragland was hired by Mansfield on April 23, 2003, as a painter on the G.E. job. Defendant denies that it engaged in any discriminatory conduct against the Plaintiffs. Defendant denies the remaining allegations of Paragraph 15.

## RALO COLVIN

16. Defendant admits that Ralo Colvin was hired by Mansfield on March 31, 2003, as a brush roll painter on the G.E. job. Defendant denies that it engaged in any discriminatory conduct against the Plaintiffs. Defendant denies the remaining allegations of Paragraph 16.

17. Denied.

18. Denied.

## IV.  STATEMENT OF CLAIMS

COUNT I:    VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

19. Defendant adopts and incorporates it answers to Paragraphs 1 – 18 herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief requested in this paragraph. Defendant denies the remaining allegations of Paragraph 26.

## COUNT II:   42 U.S.C. SECTION 1981 and 1981(a)

27. Defendant adopts and incorporates its answers to Paragraphs 1 – 26 herein.

28. Denied.

29. Denied.

30. Denied.

31. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief requested in this paragraph. Defendant denies the remaining allegations of Paragraph 31.

## COUNT III:  RETALIATION SECTION 704(a) CIVIL RIGHTS ACT OF 1964 and 42 U.S.C. SECTION 1981

32. Defendant adopts and incorporates its answers to Paragraphs 1 – 31 herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief requested in this paragraph. Defendant denies the remaining allegations of Paragraph 37.

### COUNT IV: COMMON LAW BREACH OF CONTRACT

38. Defendant adopts and incorporates its answers to Paragraphs 1 – 37 herein.

39. Denied.

40. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief requested in this paragraph. Defendant denies the remaining allegations of Paragraph 40.

### COUNT V: NEGLIGENT TRAINING, SUPERVISION AND RETENTION

41. Defendant adopts and incorporates its answers to Paragraphs 1 – 40 herein.

42. Denied.

43. Denied.

44. Denied.

45. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief requested in this paragraph. Defendant denies the remaining allegations of Paragraph 45.

### COUNT VI: OUTRAGE

46. Defendant adopts and incorporates its answers to Paragraphs 1 – 46 herein.

47. Denied.

48. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief requested in this paragraph. Defendant denies the remaining allegations of Paragraph 48.

## V. PRAYER FOR RELIEF

1. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief, attorney's fees, back pay, front pay, prejudgment interest and costs requested in their prayer for relief.

2. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief, attorney's fees, back pay, front pay, prejudgment interest and costs requested in their prayer for relief.

3. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief, attorney's fees, back pay, front pay, prejudgment interest and costs requested in their prayer for relief.

4. Defendant denies that Plaintiffs are entitled to any of the damages, injunctive or equitable relief, attorney's fees, back pay, front pay, prejudgment interest and costs requested in their prayer for relief.

## SIXTH DEFENSE

Defendant avers it is not guilty of the matters and things charged in Plaintiffs' Complaint and demands strict proof thereof.

## SEVENTH DEFENSE

Defendant avers that Mansfield's actions with regard to the Plaintiffs were based upon a business judgment and not in any way related to a discriminatory motive or intent.

## EIGHTH DEFENSE

Defendant had an established and specific policy preventing discrimination on the basis of race.

## NINTH DEFENSE

With regard to some or all of the Plaintiffs' claims, the Plaintiffs have failed to satisfy the prerequisites, jurisdictional or otherwise, for the maintenance of its claims.

## TENTH DEFENSE

Any decision made by Mansfield which allegedly affected the Plaintiffs would have been the same even in the absence of any impermissible consideration, assuming _arguendo_ such existed.

## ELEVENTH DEFENSE

Any criteria, factors, circumstances or requirements considered by Mansfield were related to legitimate factors and policy requirements and were not based upon any discriminatory or impermissible considerations.

## TWELFTH DEFENSE

Any decision made by Mansfield which allegedly affected the Plaintiffs were consistent with and made as a result of business necessity.

## THIRTEENTH DEFENSE

Defendant denies that Plaintiffs were injured or harmed in any way by any alleged act or omission by Mansfield or its agents.

## FOURTEENTH DEFENSE

Any and all decisions made or actions taken by Mansfield which affected Plaintiffs were based on legitimate, non-discriminatory reasons.

## FIFTEENTH DEFENSE

Any and all decisions made or taken by Mansfield which affected Plaintiffs were based upon reasonable factors other than Plaintiffs' race.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## SEVENTEENTH DEFENSE

Defendant denies that it acted with malice or reckless indifference to Plaintiffs' federally protected rights or otherwise engaged in any conduct which was negligent, intentional, gross, reckless, wanton, malicious, or oppressive.

## EIGHTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by res judicata or collateral estoppel, or by the doctrine of accord and satisfaction.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendant at all times acted in good faith.

## TWENTIETH DEFENSE

Defendant contests the nature and amount of Plaintiffs' alleged damages.

## TWENTY-FIRST DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

## TWENTY-SECOND DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article One of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-THIRD DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against Defendant in punitive damages cases based upon Defendant's status as a corporate entity.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiffs are precluded from the recovery of compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq., as there is no evidence of intentional discrimination based upon Plaintiffs' race.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for damages (both compensatory and punitive) are capped and limited by the applicable provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq.

### TWENTY-SEVENTH DEFENSE

Plaintiffs are precluded from asserting any claims that exceed the scope of its charge of discrimination with Equal Employment Opportunity Commission on the grounds that Plaintiffs have failed to exhaust its administrative remedies.

### TWENTY-EIGHTH DEFENSE

Plaintiffs are precluded from recovery under Title VII for any act occurring more than 180 days prior to the filing of its charges of discrimination with the Equal Employment Opportunity Commission.

### TWENTY-NINTH DEFENSE

Venue in this case is improper, or alternatively more convenient in another forum.

### THIRTIETH DEFENSE

Service or service of process on Defendant is insufficient.

### THIRTY-FIRST DEFENSE

This Court lacks jurisdiction over this Defendant.

### THIRTY-SECOND DEFENSE

Defendant avers that Plaintiffs' claims are barred by waiver, estoppel, accord and satisfaction, or release.

## THIRTY-THIRD DEFENSE

Defendant had an established and specific policy preventing discrimination on the basis of sex or other factors and provides employees with a mechanism to address such claims. Plaintiffs' failure to use these internal procedures bars their claims.

## THIRTY-FOURTH DEFENSE

Plaintiffs failed to file their charges of discrimination with the Equal Employment Opportunity Commission in a timely manner, and they are thus precluded from bringing this suit and the claims asserted herein.

## THIRTY-FIFTH DEFENSE

Plaintiffs are not entitled to any declaratory, injunctive or other equitable relief under the "clean hands" doctrine.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to obtain a specific statement from the Equal Employment Opportunity Commission finding that Plaintiffs' claims could not be investigated within 180 days before obtaining their right to sue letter.

## THIRTY-SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## THIRTY-EIGHTH DEFENSE

Plaintiffs are not entitled to recover any of the damages they claim in this suit.

## THIRTY-NINTH DEFENSE

Defendant reserves the right to amend and/or supplement this Answer should discovery reveal other available defenses.

                                                   /s/ Natasha L. Wilson
                                            One of the Attorneys for Defendant
                                            K2 Industrial Services, Inc.

OF COUNSEL:
William H. King, III (KINGW5426)
Natasha L. Wilson (WILSN6654)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

     This is to certify that on this 7<u>th</u> day of <u>August,</u> 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

    Byron R. Perkins
    THE COCHRAN FIRM
    505 North 20th Street, Suite 825
    The Financial Center
    Birmingham, Alabama  35203

    Prince Chestnut
    CHESTNUT, SANDERS, SANDERS, PETTAWAY & CAMPBELL, LLC
    One Union Street
    Post Office Box 1200
    Selma, Alabama  36701

                                                  /s/ Natasha L. Wilson
                                                  Of Counsel