IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK LEWIS, JACK RICHARDSON, NATHANIEL LAMAR, WILLIAM RAGLAND, RALO COLVON [sic] & ERVIN TARVER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NUMBER |
| v. | ) ) | 2:06-CV-497-WKW |
| K2 INDUSTRIAL SERVICES, INC. and MANSFIELD INDUSTRIAL COATING, Inc., a corporation | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MOTION TO COMPEL**

COME NOW Defendants, K2 Industrial Services, Inc. and Mansfield Industrial, Inc. (collectively "Defendants"), by and through their attorneys, and reply to Plaintiffs' Response to Defendants' Motion to Compel and Request for Additional Time ("Plaintiff's Response") as follows:

1.      Plaintiffs' Response shows a stunning lack of understanding or appreciation of their obligations under the Federal Rules of Civil Procedure.  Each plaintiff bears the responsibility of producing the information and documentary evidence necessary for defendants to evaluate the merits of their allegations and to identify and develop any defenses they may have to those claims – that is the very foundation of the principles of civil discovery.  Defendants clearly are entitled to the information they have requested and in accordance with the time provided by the Federal Rules of Civil Procedure.  Moreover, where defendants receive information through responses to interrogatories, defendants also are entitled to have those responses verified.

1

Plaintiffs may not merely make unfounded allegations, sign a complaint, and wait for a date and time convenient for them to litigate their case. Defendants strongly oppose plaintiffs' request for twenty-one (21) additional days to serve discovery responses and provide dates for plaintiffs' depositions.

2.   Plaintiffs' discovery responses are already more than three (3) months overdue.[1] Defendants have exercised patience and flexibility in working with all of plaintiffs' attorneys of record in litigating this case, and without resorting to the intervention of the Court until now. However, plaintiffs have neglected their obligations under the Federal Rules of Civil Procedure and abused defendants' willingness to cooperate. As such, defendants have not been able to conduct discovery or move the case forward.

3.   If plaintiffs are given another twenty-one days to serve discovery responses and deposition dates, defendants will have only two (2) months to prepare for and take the depositions of all six plaintiffs, fact witnesses, conduct further discovery, and to prepare and file dispositive motions.[2]

4.   In order to comply with this Court's Scheduling Order, it is imperative that defendants receive plaintiffs' signed discovery responses and deposition dates as soon as possible. Plaintiffs' unsigned discovery responses, emailed on March 26 and March 27, 2007, do not cure the numerous deficiencies in plaintiffs' draft responses.

5.   Defendants acknowledge that circumstances sometimes exist which make it impossible for a party to comply with deadlines. As such, defendants have been willing to accommodate plaintiffs for the last four months. However, even if opposing counsel's workload and personnel

---

[1] Defendants' served Interrogatories and Requests for Production over four (4) months ago, on November 16, 2006.

[2] The deadline for filing dispositive motions in this action is July 2, 2007.

problems are legitimate, these rationales do not excuse the plaintiffs' failure to prosecute their case and to respond properly and timely to discovery requests. At all times, plaintiffs have been represented by at least one attorney of record who is duty bound to prosecute this case on behalf of the plaintiffs. Defendants should not be penalized for trying to conduct discovery in a manner that not only eliminates the need to bother the Court with such matters but also guarantees that the witnesses, attorneys and parties will be inconvenienced as little as possible..

WHEREFORE, as shown by the foregoing and for the reasons stated in defendants' prior submission, defendants respectfully request this Court to enter an Order (1) dismissing all claims of Plaintiff Patrick Lewis and Plaintiff Ralo Colvin, due to a complete failure to prosecute this case; (2) requiring each plaintiff to provide sufficient and complete responses to defendants' interrogatories by April 13, 2007. Such responses should be signed and verified, and should specifically provide complete information with regard to damages and post-termination employment; (3) requiring each plaintiff to provide sufficient and complete responses to defendants' requests for production by April 13, 2007; (4) requiring each plaintiff to provide deposition dates by April 13, 2007. Such deposition dates should be within the agreed upon time frame of April 23 through May 4, 2007; and (5) requiring each plaintiff to provide a properly executed Authorization for Release of Employee Records and an Authorization for Release of Protected Health Information by April 13, 2007.

    s/ Haley A. Andrews
One of the Attorneys for Defendants
K2 Industrial Services, Inc. and Mansfield Industrial, Inc.

OF COUNSEL:
William H. King, III (KINGW5426)
Natasha L. Wilson (WILSN6654)
Haley A. Andrews (ANDRH6198)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this <u>9th</u> day of <u>April</u>, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Collins Pettaway
CHESTNUT, SANDERS, SANDERS, PETTAWAY & CAMPBELL, LLC
One Union Street
Post Office Box 1200
Selma, Alabama  36701
cpettaway@csspca.com

Byron R. Perkins
THE COCHRAN FIRM
505 North 20th Street, Suite 825
The Financial Center
Birmingham, Alabama  35203
bperkins@cochranfirm.com


                                                       <u>s/ Haley A. Andrews</u>
                                                       Of Counsel