IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK LEWIS, JACK RICHARDSON, )
NATHANIEL LAMAR, WILLIAM )
RAGLAND, RALO COLVON [sic] & )
ERVIN TARVER )
                      )
        Plaintiffs, )       Case No.
                       )
v. )       2:06-CV-497-WKW
                       )
K2 INDUSTRIAL SERVICES, INC. and )
MANSFIELD INDUSTRIAL, INC. )
                       )
        Defendants. )

PLAINTIFF ERVIN TARVER'S ANSWER TO
DEFENDANT'S FIRST SET OF INTERROGATORIES

Comes now plaintiff, Ervin Tarver, by and through counsel and answers the defendants' first set of interrogatories. As follows:

1. State whether you have taken or received any statements, either oral or in writing, from any person, including parties and non-parties, who had or has any information or knowledge relating to the allegations made the basis of this lawsuit, and, if so, state as to each such person his/her identity, including name, address, occupation, age and telephone number, the date of any such statement, and the substances of any such statement.

ANSWER: None, other than to EEOC and my attorney.

2. Identify all persons with knowledge of any fact(s) that support(s) or relate(s) to any of the allegation(s) contained in the Complaint and describe the subjects of such knowledge as to each person.

DEFENDANT'S
EXHIBIT
24

1

ANSWER: Patrick Lewis; Nathaniel Lamar; William Ragland; Ralo Colvan, Jack Richardson. Also, former employees Earl Sow, Steve unknown, Jeff Smitherman, Ben Gayle and Gary Gordon.

3. Identify all current or former employees of Defendants or General Electric with whom you or your attorneys have spoken, corresponded or otherwise communicated concerning any matter relating to the allegations of the Complaint or claims made in this lawsuit.

ANSWER: Patrick Lewis; Nathaniel Lamar; William Ragland; Ralo Colvan, Jack Richardson.

4. Identify all persons who have provided you with any written correspondence, electronic information (including emails), letters, or any other form of document(s) relating to the claims and allegations in this lawsuit, and include a description of the correspondence and/or document(s) provided.

ANSWER: EEOC, Prince Chestnut, Attorney for Defendants, K2 Industrial, Mansfield Industrial. They all sent us written documents.

5. Identify any and all experts which will testify at the trial of this matter, including the subjects upon which each expert will testify.

ANSWER: None have been identified at the time.

6. State whether Plaintiff sought medical, psychological, psychiatric, or other treatment for the effects of the alleged harassment and/or discrimination, and, if so:

    (a)    Describe the treatment.

    (b)    State the dates on which treatment was received.

    (c)    State the name and address of the practitioner who provided the treatment.

    (d)    Describe the practitioner's credentials or type of practice.

ANSWER: None, other than over the counter medicine.

2

7. Please provide the style of all lawsuits to which Plaintiff has been a party, either as a Plaintiff or Defendant, including civil, criminal, domestic, and workers' compensation actions, a brief description of the substance of each lawsuit identified, and the ultimate outcome of each such lawsuit.

ANSWER: N/A

8. State whether you have ever filed a claim charging employment discrimination on the basis of age, race, sex, national origin, religion, or disability other than the claim at issue in this case, and for each claim state:

    (e)    Date filed.

    (f)    Parties named.

    (g)    Description of allegedly discriminatory conduct.

    (h)    Description and outcome of proceedings.

ANSWER:  None.

9. Identify each and every action you or anyone acting on your behalf took, after your employment with Mansfield Industrial, Inc. ended, to seek and obtain any alternative employment or income source. This interrogatory is continuing in nature and covers the time period from the end of your employment with Mansfield Industrial, Inc. to the trial of this lawsuit.

ANSWER: I filed for unemployment and was hired by Garrison Steel – 12/14/04.

10. If you have refused to produce any document(s) requested in Defendants' Document Requests to Plaintiffs, identify each such document and state the ground(s) for withholding the document.

ANSWER: NO

11. Give a complete history of your employment stating each employer, salary or rate of pay, title or position held, dates of any title or position changes, reasons for title or position changes or changes in employment, duties you performed or were responsible for in each title or position, and compensation and benefits associated with each title or position. . This interrogatory is continuing in nature and should include all employers for which you have worked from the time your employment at Mansfield Industrial, Inc. ended to the trial of this lawsuit.

ANSWER:  I started with Garrison Steel 12/4/04 at $14.00 hour as a boltupman.  Duties were to make all steel beams; they were bolted and cutting steel and fitting it and welding.  On 6/7/06 I worked for Johnson's Renovation at $10.00 hour painting residential homes.  Duties included sanding, priming and painting inside and outside.

12. Identify all meetings that you attended during your employment with Defendants where an employee(s) or representative(s) of Defendants announced or discussed any aspect of Defendants' discrimination and/or harassment policy.

ANSWER: Orientation was given by G.E. and they have their policy.  As for Mansfield Ind. I never attended such meeting.

13. Please state the type (e.g., lost wages, back pay, mental anguish, punitive damages, etc.) and exact amount of each item of damages for which you seek recovery in this lawsuit.

ANSWER: Lost wages, back pay, mental anguish, punitive damages, etc.  Attorneys will set the amount.

14. Identify each hospital, physician, chiropractor, osteopath, psychiatrist/psychologist, social worker or counsel, pharmacist or pharmacy, and/or other medical practitioner or healthcare provider, who has seen, treated, and/or provided medication for Plaintiff in the

4

last ten (10) years, and provide a description of the injury and/or affliction, the dates of

treatment and/or visits, and the type of treatment rendered and/or medication prescribed.

ANSWER: On 10/27/05 I visited Dr. Janell McKenzie at the Alabama Injury & Pain Clinic

for an accident injury on 4/27/05. I was diagnose with lumbar strain/sprain.

15. Identify all Mansfield Industrial, Inc. employees who worked on your "shift" at the time

each alleged incident of harassment or discrimination took place and at the time your

employment with Mansfield Industrial, Inc. ended.

ANSWER: Nathaniel Lamar, Ben Gail, William Ragland, Michael "Cory" Watson, Cindy,

and Robert.


_____
ERVIN TARVER

SWORN TO and SUBSCRIBED before me this 18th day of April

2007.


_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 2-14-2007


_____
Collins Pettaway, Jr.(PET008)
Attorney for Plaintiffs
CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.
P. O. Box 1290
Selma, AL 36702-1290


Bryon R. Perkins
Attorney for Plaintiffs
THE COCHRAN FIRM
505 N. 20th Street, Ste. 825
The Financial Center
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

This is to certify that I have on this the 20th day of _____ April _____ 2007 served a copy of the foregoing answers by depositing the same in the U.S. mail properly addressed with postage prepaid upon:

William H. King
Natasha L. Wilson
Haley A. Anderson
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 N. 20th Street
Birmingham, AL  35203-3200

_____
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

PATRICK LEWIS, JACK RICHARDSON, )
NATHANIEL LAMAR, WILLIAM )
RAGLAND, RALO COLVON [sic] & )
ERVIN TARVER )
                              )
      **Plaintiffs,**           )      **Case No.**
                              )
**v.**                             )      **2:06-CV-497-WKW**
                              )
K2 INDUSTRIAL SERVICES, INC. and )
MANSFIELD INDUSTRIAL, INC. )
                              )
      **Defendants.**           )

## PLAINTIFF ERVIN TARVER'S RESPONSE TO
## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Comes now Plaintiff Ervin Tarver, by and through counsel and respond to defendants first request for production as follows:

1. Any and all statements, of whatever nature, taken from any person which concern the factual allegations set forth in Plaintiffs' Complaint or any claims or issues in this lawsuit.

**RESPONSE:** None in my possession. EEOC has what was filed with them. My attorney has my communication (privileged) with him.

2. Any and all calendars, diaries, logs, scheduling books, appointment books, electronic records or any other type of document which contain any notes taken by each Plaintiff relating to his employment with Mansfield Industrial, Inc. or any claims or issues in this lawsuit.

**RESPONSE:** None.

3. All documents evidencing correspondence or communications (including all e-mail or other computer messages) between you and Defendants, including any documents evidencing communications or correspondence sent by or received by any agents, employees or representative(s) of Defendants.

**RESPONSE:** None.



DEFENDANT'S
EXHIBIT

25

4. Any and all documents supporting, concerning or related to each Plaintiff's allegations or damages.

**RESPONSE:** None, other pay stubs which have to be located. The company has better records.

5. All of each Plaintiff's federal and state tax returns, with all accompanying forms and attachments, including W-2 forms, for 2003, 2004, 2005, and subsequent years. This request is continuing in nature and seeks all responsive documents until the trial of this case.

**RESPONSE:** Provided IRS transcripts for 2000, 2001, 2002 and tax returns 2003, 2004.

6. Any and all documents showing all employment compensation, of whatever kind (including any unemployment benefits), received by each Plaintiff since his employment with Mansfield Industrial, Inc. ended.

**RESPONSE:** None in my possession. Trying to get it from the state.

7. Any and all documents in your possession, custody or control, including but not limited to any document maintained on any computer, computer disk or compact disc, concerning or relating to your efforts to obtain employment since your employment at Mansfield Industrial, Inc. ended, including but not limited to, all documents regarding injuries, job postings, cover letters, e-mail applications, interviews, etc.

**RESPONSE:** None in my possession. The state kept it in their computer.

8. An executed original of the enclosed Authorization for Release of Employment Records and Authorization for the Release of Protected Health Information for each Plaintiff.

**RESPONSE:** Will comply.

9. Any and all documents that each Plaintiff submitted to filed or otherwise gave any state and/or federal agency, which relates in anyway to Defendants.

**RESPONSE:** I do not have them. Please see EEOC.

10. All documents evidencing correspondence or communication (including email or other computer messages) between you and any non-party or entity concerning or relating to the allegations in Plaintiffs' complaint.

**RESPONSE:** None, other than EEOC.

11. All documents in the possession of you or your attorneys that were created by or emanated from Defendants.

RESPONSE: My attorney will respond. Only the EEOC documents are present.

12. All paycheck stubs for each Plaintiff from Defendants.

RESPONSE: I have provided what I have.

13. All documents evidencing any alleged retaliation and/or adverse employment action taken by Defendants regarding each Plaintiff.

RESPONSE: I do not understand.

14. All documents you have provided to or received from any expert witness you plan to call to testify at the trial of this matter (including all reports, summaries, work papers, notes, or other documents generated, obtained, reviewed, or otherwise relied upon by any expert witness you intend to call at the trial of this matter), and all documents consulted or relied upon by any such expert in reaching any conclusions and/or opinions in connection with those matters upon which said experts) will testify.

RESPONSE: No expert identified at this time.

15. All documents in the file or in the possession, custody, or control of each expert who may give testimony at the time of trial, including reports (and all drafts of any reports) relating to each Plaintiff's allegations and all documents, notes, memorandum, or other writings of any kind prepared, received, gathered, or used as a reference or support for testimony.                    o

RESPONSE: N/A

16. Any and all documents not specifically requested which tend to prove or disprove any allegations made in Plaintiffs' complaint or otherwise in this action.

RESPONSE: I have provided what I have. My attorney will follow-up.

17. Produce all demonstrative aids or other matters which maybe disclosed, exhibited or shown during the trial, if any, of this matter (via supplementation if necessary).

RESPONSE: My attorney will provide.

18. For any charts, graphs or compilations to be used for or at trial, if any, produce all underlying data used to create the chart, graph or compilation (via supplementation if necessary).

RESPONSE: My attorney will provide.

Respectfully submitted,

CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.

_____
Collins Pettaway, Jr.(PET008)
Attorney for Plaintiffs
P. O. Box 1290
Selma, AL  36702-1290
(334) 875-9264

Bryon R. Perkins
Attorney for Plaintiffs
THE COCHRAN FIRM
505 N. 20th Street, Ste. 825
The Financial Center
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

This is to certify that I have on this the _____ day of _____ 2007
served a copy of the foregoing answers by depositing the same in the U.S. mail properly
addressed with postage prepaid upon:

William H. King
Natasha L. Wilson
Haley A. Anderson
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 N. 20th Street
Birmingham, AL  35203-3200

_____
OF COUNSEL



Department of the Treasury
Internal Revenue Service
MEMPHIS, TN 37501-1498

Transcript Delivery System Correspondence

Tracking ID: 100010127641
Date of Issue: 10-30-2006

002872.333566.0009.001 1 MB 0.326 530

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL 36701

Tax Period: December, 2000

                Information about the Request We Received

In this letter, we'll report the status of the request we received.

We've enclosed the transcript or transcripts that you requested on October
30, 2006.

A tax return transcript is generally available for the current processing
year and for three prior years. It contains most of the information from your
original return, along with information from the forms and schedules you
filed with it. The transcript, however, does not contain changes made to the
return, by either you or us, after you filed the return. Such changes could
include your filing an amended return, corrections we make to the return
because we discovered a math mistake, or a payment credited after you filed
the return. The transcript also does not show refunds.

We have different types of information that we can give you about your account:

*   A return transcript will show you certain line items as reported on your
    tax return.
*   An account transcript summarizes your return and shows subsequent changes
    that you or we may have made.
*   A record of account has detailed information on both the line items from
    your return and on subsequent changes.

In addition, information for current tax years is available immediately on our
computer systems.

Delivery time to you depends on how you submit your request and the delivery
method you select to receive the information.

We're attempting to develop a new way to allow you to access your own tax
account information on-line, but we have to make sure that unauthorized
individuals won't get access to on-line accounts. While we currently don't
have an on-line account system, you can get account information by calling
your local IRS office (listed in your telephone directory), or our national
toll free number 1-800-829-0922. You can also send us a completed Form 4506,
Request for Copy or Transcript of Tax Form.

If you have any questions about information contained in the transcripts or

100010127641

This Product Contains Sensitive Taxpayer Data

                                    Request Date: 10-30-2006
                                    Response Date: 10-30-2006
                                    IRS Employee Number: BDQHB
                                    Tracking Number: 100010127641

                    Tax Return Transcript

                                    SSN Provided:   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
                            Tax Period Ending:  Dec. 31, 2001

The following items reflect the amount as shown on the return (PR), and
the amount as adjusted (PC), if applicable.  They do not show subsequent
activity on the account.

                                             SSN:  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
                                                   SPOUSE SSN:

002071  NAME(S) SHOWN ON RETURN: ERVIN TARVER

        ADDRESS: 810 A MOODY CIR APT A
        SELMA, AL 36701-8408-102

        FILING STATUS:                                    Single
        FORM NUMBER:                                        1040A
        CYCLE POSTED:                                    20032708
        RECEIVED DATE:                                Jun.11, 2003
        REMITTANCE:                                          0.00
        EXEMPTION NUMBER:                                       1
        DEPENDENT 1 NAME CTRL:
        DEPENDENT 1 SSN:
        DEPENDENT 2 NAME CTRL:
        DEPENDENT 2 SSN:
        DEPENDENT 3 NAME CTRL:
        DEPENDENT 3 SSN:
        DEPENDENT 4 NAME CTRL:
        DEPENDENT 4 SSN:
        PREPARER EIN:

        Income

        WAGES, SALARIES, TIPS, ETC:.......................................$ 15,810.00
        TAXABLE INTEREST INCOME: SCH B:...................................$ 0.00
        TAX-EXEMPT INTEREST:..............................................$ 0.00
        ORDINARY DIVIDEND INCOME: SCH B:..................................$ 0.00
        CAPITAL GAIN OR LOSS: (Schedule D):...............................$ 0.00
        CAPITAL GAINS OR LOSS: SCH D PER COMPUTER:........................$ 0.00
        TOTAL IRA DISTRIBUTIONS:..........................................$ 0.00
        TAXABLE IRA DISTRIBUTIONS:........................................$ 0.00
        TOTAL PENSIONS AND ANNUITIES:.....................................$ 0.00
        TAXABLE PENSION/ANNUITY AMOUNT:...................................$ 0.00
        UNEMPLOYMENT COMPENSATION:........................................$ 0.00
        TOTAL SOCIAL SECURITY BENEFITS:...................................$ 0.00
        TAXABLE SOCIAL SECURITY BENEFITS:.................................$ 0.00
        TAXABLE SOCIAL SECURITY BENEFITS PER COMPUTER:....................$ 0.00
        SCH EIC DISQUALIFIED INC COMPUTER:................................$ 0.00
        TOTAL INCOME:.....................................................$ 15,810.00
        TOTAL INCOME PER COMPUTER:........................................$ 15,810.00

        Adjustments to Income

        EDUCATOR EXPENSES:................................................$ 0.00
        EDUCATOR EXPENSES PER COMPUTER:...................................$ 0.00
        IRA DEDUCTION:....................................................$ 0.00
        IRA DEDUCTION PER COMPUTER:.......................................$ 0.00
        STUDENT LOAN INTEREST DEDUCTION:..................................$ 0.00
        STUDENT LOAN INTEREST DEDUCTION PER COMPUTER:.....................$ 0.00
        TUITION AND FEES DEDUCTION:.......................................$ 0.00
        TUITION AND FEES DEDUCTION PER COMPUTER:..........................$ 0.00
        ADJUSTED GROSS INCOME:............................................$ 15,810.00
        ADJUSTED GROSS INCOME PER COMPUTER:...............................$ 15,810.00

Department of the Treasury
Internal Revenue Service
MEMPHIS, TN 37501-1498

Transcript Delivery System Correspondence

Tracking ID: 100010127641
Date of Issue: 10-30-2006

001923.333564.0005.001 1 MB 0.326 530

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL 36701

001923

Tax Period: December, 2000

Information about the Request We Received

In this letter, we'll report the status of the request we received.

We've enclosed the transcript or transcripts that you requested on October 30, 2006.

A transcript of account shows a summary of your tax return and subsequent actions taken. These actions could include payments, amended returns, and corrections we made to the original return due to math mistakes.

We have different types of information that we can give you about your account:

* A return transcript will show you certain line items as reported on your tax return.
* An account transcript summarizes your return and shows subsequent changes that you or we may have made.
* A record of account has detailed information on both the line items from your return and on subsequent changes.

In addition, information for current tax years is available immediately on our computer systems.

Delivery time to you depends on how you submit your request and the delivery method you select to receive the information.

We're attempting to develop a new way to allow you to access your own tax account information on-line, but we have to make sure that unauthorized individuals won't get access to on-line accounts. While we currently don't have an on-line account system, you can get account information by calling your local IRS office (listed in your telephone directory), or our national toll free number 1-800-829-0922. You can also send us a completed Form 4506, Request for Copy or Transcript of Tax Form.

If you have any questions about information contained in the transcripts or other enclosed information, please call us at the IRS telephone number listed in your local directory or at 1-800-829-0922.

100010127641

This Product Contains Sensitive Taxpayer Data

```
                                    Request Date: 10-30-2006
                                    Response Date: 10-30-2006
                                    IRS Employee Number: BDQHB
                                    Tracking Number: 100010127641
```

Account Transcript

---

FORM NUMBER: 1040           TAX PERIOD: Dec. 31, 2000

          TAXPAYER IDENTIFICATION NUMBER:        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

          ERVIN TARVER

          Any minus sign shown below signifies a credit amount.

001923
```
ACCOUNT BALANCE:        0.00
ACCRUED INTEREST:       0.00        AS OF: Oct. 16, 2006
ACCRUED PENALTY:        0.00        AS OF: Oct. 16, 2006

ACCOUNT BALANCE
PLUS ACCRUALS:          0.00

** EXEMPTIONS:          02          ** FILING STATUS: Head of Household
** ADJUSTED GROSS
   INCOME:              12,424.00
** TAXABLE INCOME:      374.00
   TAX PER RETURN:      54.00
** SE TAXABLE INCOME
   TAXPAYER:            0.00
** SE TAXABLE INCOME
   SPOUSE:              0.00
** TOTAL SELF
   EMPLOYMENT TAX:      0.00
```

** PER RETURN OR AS ADJUSTED

     RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER): Sep. 07, 2001

                                        PROCESSING DATE: Oct. 01, 2001

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 150 | RETURN FILED AND TAX ASSESSED 72221-253-00175-1 | 2001380 | 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 | $54.00 |
| 806 | WITHHOLDING CREDIT | | 04-15-2001 | -$331.00 |
| 768 | EARNED INCOME CREDIT | | 04-15-2001 | -$2,353.00 |
| 766 | IMMEDIATE TAX RELIEF CREDIT | | 10-08-2001 | -$18.70 |
| 290 | ADDITIONAL TAX ASSESSED 72254-999-05099-1 | 2001390 | 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 | $0.00 |
| 846 | REFUND | | 11-05-2001 | $2,672.00 |
| 776 | INTEREST DUE TAXPAYER | | 11-05-2001 | -$23.30 |
| 898 | TREASURY OFFSET REFUND TO ANOTHER A GENCY REFUND REDUCED BY: $1,051.00 | | 11-05-2001 | |

This Product Contains Sensitive Taxpayer Data

Department of the Treasury
Internal Revenue Service
MEMPHIS, TN 37501-1498

Transcript Delivery System Correspondence

Tracking ID: 100010127641
Date of Issue: 10-30-2006

001922.333564.0005.001 1 MB 0.326 530

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL 36701

Tax Period: December, 2001

## Information about the Request We Received

In this letter, we'll report the status of the request we received.

We've enclosed the transcript or transcripts that you requested on October 30, 2006.

A transcript of account shows a summary of your tax return and subsequent actions taken. These actions could include payments, amended returns, and corrections we made to the original return due to math mistakes.

We have different types of information that we can give you about your account:

* A return transcript will show you certain line items as reported on your tax return.
* An account transcript summarizes your return and shows subsequent changes that you or we may have made.
* A record of account has detailed information on both the line items from your return and on subsequent changes.

In addition, information for current tax years is available immediately on our computer systems.

Delivery time to you depends on how you submit your request and the delivery method you select to receive the information.

We're attempting to develop a new way to allow you to access your own tax account information on-line, but we have to make sure that unauthorized individuals won't get access to on-line accounts. While we currently don't have an on-line account system, you can get account information by calling your local IRS office (listed in your telephone directory), or our national toll free number 1-800-829-0922. You can also send us a completed Form 4506, Request for Copy or Transcript of Tax Form.

If you have any questions about information contained in the transcripts or other enclosed information, please call us at the IRS telephone number listed in your local directory or at 1-800-829-0922.

100010127641

This Product Contains Sensitive Taxpayer Data

```
                                        Request Date: 10-30-2006
                                        Response Date: 10-30-2006
                                        IRS Employee Number: 8DQHB
                                        Tracking Number: 100010127641
```

Account Transcript

FORM NUMBER: 1040A          TAX PERIOD: Dec. 31, 2001

TAXPAYER IDENTIFICATION NUMBER:        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

ERVIN TARVER

Any minus sign shown below signifies a credit amount.

001922

```
ACCOUNT BALANCE:        0.00
ACCRUED INTEREST:       0.00        AS OF: Apr. 12, 2004
ACCRUED PENALTY:        0.00        AS OF: Apr. 12, 2004

ACCOUNT BALANCE
PLUS ACCRUALS:          0.00

** EXEMPTIONS:          01          ** FILING STATUS: Single
** ADJUSTED GROSS
   INCOME:              15,810.00
** TAXABLE INCOME:      8,360.00
   TAX PER RETURN:      0.00
** SE TAXABLE INCOME
   TAXPAYER:            0.00
** SE TAXABLE INCOME
   SPOUSE:              0.00
** TOTAL SELF
   EMPLOYMENT TAX:      0.00

** PER RETURN OR AS ADJUSTED

   RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER): Jun. 11, 2003

                                PROCESSING DATE: Jul. 14, 2003
```

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150 | RETURN FILED AND TAX ASSESSED 49209-158-11404-3 | 20032708 | 07-14-2003 | $974.70 |
| 806 | WITHHOLDING CREDIT | | 04-15-2002 | -$358.00 |
| 166 | LATE FILING PENALTY | 20032708 | 07-14-2003 | $154.17 |
| 196 | INTEREST ASSESSED | 20032708 | 07-14-2003 | $55.44 |
| 706 | OVERPAID CREDIT APPLIED 1040 200212 | | 07-28-2003 | -$800.00 |
| 706 | OVERPAID CREDIT APPLIED 1040 200312 | | 04-05-2004 | -$28.74 |
| 196 | INTEREST ASSESSED | 20041208 | 04-05-2004 | $2.43 |

This Product Contains Sensitive Taxpayer Data

This page is left blank intentionally.



Department of the Treasury
Internal Revenue Service
MEMPHIS, TN 37501-1498

Transcript Delivery System Correspondence

Tracking ID: 100010127641
Date of Issue: 10-30-2006

002071.333566.0009.001 1 MB 0.326 530

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL 36701

002071

Tax Period: December, 2001

### Information about the Request We Received

In this letter, we'll report the status of the request we received.

We've enclosed the transcript or transcripts that you requested on October 30, 2006.

A tax return transcript is generally available for the current processing year and for three prior years. It contains most of the information from your original return, along with information from the forms and schedules you filed with it. The transcript, however, does not contain changes made to the return, by either you or us, after you filed the return. Such changes could include your filing an amended return, corrections we make to the return because we discovered a math mistake, or a payment credited after you filed the return. The transcript also does not show refunds.

We have different types of information that we can give you about your account:

* A return transcript will show you certain line items as reported on your tax return.
* An account transcript summarizes your return and shows subsequent changes that you or we may have made.
* A record of account has detailed information on both the line items from your return and on subsequent changes.

In addition, information for current tax years is available immediately on our computer systems.

Delivery time to you depends on how you submit your request and the delivery method you select to receive the information.

We're attempting to develop a new way to allow you to access your own tax account information on-line, but we have to make sure that unauthorized individuals won't get access to on-line accounts. While we currently don't have an on-line account system, you can get account information by calling your local IRS office (listed in your telephone directory), or our national toll free number 1-800-829-0922. You can also send us a completed Form 4506, Request for Copy or Transcript of Tax Form.

If you have any questions about information contained in the transcripts or

Department of the Treasury
Internal Revenue Service
MEMPHIS, TN 37501-1498

Transcript Delivery System Correspondence

Tracking ID: 100010127641
Date of Issue: 10-30-2006

002870.333566.0009.001 1 MB 0.326 690

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL 36701

002870

Tax Period: December, 2002

## Information about the Request We Received

In this letter, we'll report the status of the request we received.

We've enclosed the transcript or transcripts that you requested on October 30, 2006.

A tax return transcript is generally available for the current processing year and for three prior years. It contains most of the information from your original return, along with information from the forms and schedules you filed with it. The transcript, however, does not contain changes made to the return, by either you or us, after you filed the return. Such changes could include your filing an amended return, corrections we make to the return because we discovered a math mistake, or a payment credited after you filed the return. The transcript also does not show refunds.

We have different types of information that we can give you about your account:

* A return transcript will show you certain line items as reported on your tax return.
* An account transcript summarizes your return and shows subsequent changes that you or we may have made.
* A record of account has detailed information on both the line items from your return and on subsequent changes.

In addition, information for current tax years is available immediately on our computer systems.

Delivery time to you depends on how you submit your request and the delivery method you select to receive the information.

We're attempting to develop a new way to allow you to access your own tax account information on-line, but we have to make sure that unauthorized individuals won't get access to on-line accounts. While we currently don't have an on-line account system, you can get account information by calling your local IRS office (listed in your telephone directory), or our national toll free number 1-800-829-0922. You can also send us a completed Form 4506, Request for Copy or Transcript of Tax Form.

If you have any questions about information contained in the transcripts or

100010127641

This Product Contains Sensitive Taxpayer Data

Request Date: 10-30-2006
Response Date: 10-30-2006
IRS Employee Number: 8DQHB
Tracking Number: 100010127641

Tax Return Transcript

SSN Provided:  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
Tax Period Ending:  Dec. 31, 2002

The following items reflect the amount as shown on the return (PR), and
the amount as adjusted (PC), if applicable.  They do not show subsequent
activity on the account.

SSN:  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
SPOUSE SSN:

02870    NAME(S) SHOWN ON RETURN: ERVIN TARVER

ADDRESS: 810 A MOODY CIRCLE APT A
SELMA, AL 36701-8408-102

FILING STATUS:                                          Head of Household
FORM NUMBER:                                                       1040A
CYCLE POSTED:                                                   20030908
RECEIVED DATE:                                             Apr.15, 2003
REMITTANCE:                                                         0.00
EXEMPTION NUMBER:                                                      3
DEPENDENT 1 NAME CTRL:                                             COLE
DEPENDENT 1 SSN:                                            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
DEPENDENT 2 NAME CTRL:                                              LEE
DEPENDENT 2 SSN:                                            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
DEPENDENT 3 NAME CTRL:
DEPENDENT 3 SSN:
DEPENDENT 4 NAME CTRL:
DEPENDENT 4 SSN:
PREPARER SSN:                                              P00-34-5135
PREPARER EIN:

Income

WAGES, SALARIES, TIPS, ETC:......................................$ 25,683.00
TAXABLE INTEREST INCOME: SCH B:..................................$ 0.00
TAX-EXEMPT INTEREST:.............................................$ 0.00
ORDINARY DIVIDEND INCOME: SCH B:.................................$ 0.00
CAPITAL GAIN OR LOSS: (Schedule D):.............................$ 0.00
CAPITAL GAINS OR LOSS: SCH D PER COMPUTER:......................$ 0.00
TOTAL IRA DISTRIBUTIONS:.........................................$ 0.00
TAXABLE IRA DISTRIBUTIONS:.......................................$ 0.00
TOTAL PENSIONS AND ANNUITIES:...................................$ 0.00
TAXABLE PENSION/ANNUITY AMOUNT:.................................$ 0.00
UNEMPLOYMENT COMPENSATION:.......................................$ 0.00
TOTAL SOCIAL SECURITY BENEFITS:.................................$ 0.00
TAXABLE SOCIAL SECURITY BENEFITS:...............................$ 0.00
TAXABLE SOCIAL SECURITY BENEFITS PER COMPUTER:.................$ 0.00
SCH EIC DISQUALIFIED INC COMPUTER:..............................$ 0.00
TOTAL INCOME:...................................................$ 25,683.00
TOTAL INCOME PER COMPUTER:......................................$ 25,683.00

Adjustments to Income

EDUCATOR EXPENSES:..............................................$ 0.00
EDUCATOR EXPENSES PER COMPUTER:.................................$ 0.00
IRA DEDUCTION:..................................................$ 0.00
IRA DEDUCTION PER COMPUTER:.....................................$ 0.00
STUDENT LOAN INTEREST DEDUCTION:................................$ 0.00
STUDENT LOAN INTEREST DEDUCTION PER COMPUTER:..................$ 0.00
TUITION AND FEES DEDUCTION:.....................................$ 0.00
TUITION AND FEES DEDUCTION PER COMPUTER:.......................$ 0.00
ADJUSTED GROSS INCOME:.........................................$ 25,683.00

```
        100010127641
STUDENT/DISABLED:.............................................................0

CHILD 2

CHILD'S NAME CNTRL:.......................................................COLE
SSN:...............................................................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
YEAR OF BIRTH:...................................................1991
STUDENT/DISABLED:.............................................................0
```

This Product Contains Sensitive Taxpayer Data



002870

Department of the Treasury
Internal Revenue Service
MEMPHIS, TN 37501-1498

Transcript Delivery System Correspondence

Tracking ID: 100010127641
Date of Issue: 10-30-2006

001921 333564 0005 001 1 MB 0 326 530

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL 36701

Tax Period: December, 2002

01921

### Information about the Request We Received

In this letter, we'll report the status of the request we received.

We've enclosed the transcript or transcripts that you requested on October 30, 2006.

A transcript of account shows a summary of your tax return and subsequent actions taken. These actions could include payments, amended returns, and corrections we made to the original return due to math mistakes.

We have different types of information that we can give you about your account:

* A return transcript will show you certain line items as reported on your tax return.
* An account transcript summarizes your return and shows subsequent changes that you or we may have made.
* A record of account has detailed information on both the line items from your return and on subsequent changes.

In addition, information for current tax years is available immediately on our computer systems.

Delivery time to you depends on how you submit your request and the delivery method you select to receive the information.

We're attempting to develop a new way to allow you to access your own tax account information on-line, but we have to make sure that unauthorized individuals won't get access to on-line accounts. While we currently don't have an on-line account system, you can get account information by calling your local IRS office (listed in your telephone directory), or our national toll free number 1-800-829-0922. You can also send us a completed Form 4506, Request for Copy or Transcript of Tax Form.

If you have any questions about information contained in the transcripts or other enclosed information, please call us at the IRS telephone number listed in your local directory or at 1-800-829-0922.

100010127641

This Product Contains Sensitive Taxpayer Data

Request Date: 10-30-2006
Response Date: 10-30-2006
IRS Employee Number: BDQHB
Tracking Number: 100010127641

Account Transcript

---

FORM NUMBER: 1040A          TAX PERIOD: Dec. 31, 2002

TAXPAYER IDENTIFICATION NUMBER:          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

ERVIN TARVER
96 LL ANDERSON AVE
SELMA, AL36701-6334-962

Any minus sign shown below signifies a credit amount.

001921

ACCOUNT BALANCE:          0.00
ACCRUED INTEREST:         0.00          AS OF: Jun. 27, 2005
ACCRUED PENALTY:          0.00          AS OF: Jun. 27, 2005

ACCOUNT BALANCE
PLUS ACCRUALS:            0.00

** EXEMPTIONS:            03            ** FILING STATUS: Head of Household
** ADJUSTED GROSS
   INCOME:                25,683.00
** TAXABLE INCOME:        9,783.00
   TAX PER RETURN:        0.00
** SE TAXABLE INCOME
   TAXPAYER:              0.00
** SE TAXABLE INCOME
   SPOUSE:                0.00
** TOTAL SELF
   EMPLOYMENT TAX:        0.00

** PER RETURN OR AS ADJUSTED

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER): Apr. 15, 2003

PROCESSING DATE: Mar. 10, 2003

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150 | RETURN FILED AND TAX ASSESSED 72209-051-14712-3 | | 03-10-2003 | $0.00 |
| 806 | WITHHOLDING CREDIT | | 04-15-2003 | -$713.00 |
| 766 | REFUNDABLE CREDIT | | 04-15-2003 | -$222.00 |
| 768 | EARNED INCOME CREDIT | | 04-15-2003 | -$1,580.00 |
| 846 | REFUND | | 03-10-2003 | $2,515.00 |
| 766 | REFUNDABLE CREDIT | | 07-28-2003 | -$800.00 |
| 290 | ADDITIONAL TAX ASSESSED 72254-999-05099-3 | 2003290807-28-2003 | | $0.00 |
| 826 | OVERPAYMENT CREDIT TRANSFERRED 1040 200112 | | 07-28-2003 | $800.00 |
| 640 | ADVANCE PAYMENT OF DEFICIENCY | | 02-27-2004 | -$29.00 |
| 820 | CREDIT TRANSFERRED | | 02-27-2004 | $29.00 |

This Product Contains Sensitive Taxpayer Data

Form **1040A**

Department of the Treasury - Internal Revenue Service

## U.S. Individual Income Tax Return

(99)  2003   IRS Use Only - Do not write or staple in this space.

OMB No. 1545-0085

**Label** (See page 19.)

Use the IRS label. Otherwise, please print or type.

ERVIN TARVER
810 A MOODY CIRCLE
SELMA, AL 36701

Your social security number  **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**

Spouse's social security number

**Important!**
You must enter your SSN(s) above. ▲

**Presidential Election Campaign** (See page 20.)

Note. Checking "Yes" will not change your tax or reduce your refund.

Do you, or your spouse if filing a joint return, want $3 to go to this fund? ▶

| | You | | Spouse | |
|---|---|---|---|---|
| | Yes | [X] No | | Yes | No |

**Filing Status**

Check only one box.

1 ☐ Single

2 ☐ Married filing jointly (even if only one had income)

3 ☐ Married filing separately. Enter spouse's SSN above & full name below. ▶

4 [X] Head of household (with qualifying person). (See page 20.)
If the qualifying person is a child but not your dependent, enter this child's name here. ▶

5 ☐ Qualifying widow(er) with dependent child (See page 21.)

**Exemptions**

6a [X] **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a.

b ☐ **Spouse**

No. of boxes checked on 6a and 6b  **1**

c **Dependents:**

If more than six dependents, see page 21.

| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qual. child for child tax cr. (see pg 23) |
|---|---|---|---|
| JASPER COLE | 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 | SON | X |
| CASSANDRA LEE | 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 | DAUGHTER | X |
| | | | |
| | | | |
| | | | |
| | | | |

No. of children on 6c who:
• lived with you  **2**
• did not live with you due to divorce or separation (see page 23)

Dependents on 6c not entered above

Add numbers on lines above  **3**

d  Total number of exemptions claimed.

**Income**

Attach Form(s) W-2 here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 24.

Enclose, but do not attach, any payment.

7  Wages, salaries, tips, etc.  |  7  |  16,802.

8a  Taxable interest. Attach Schedule 1 if required.  |  8a  |

b  Tax-exempt interest. Do not include on line 8a.  |  8b  |

9a  Ordinary dividends. Attach Schedule 1 if required.  |  9a  |

b  Qualified dividends (see page 25.)  |  9b  |

10a  Capital gain distributions (see page 25).  |  10a  |

b  Post- May 5 capital gain distributions (see page 25).  |  10b  |

11a  IRA distributions.  11a  |  11b  Taxable amount (see page 25).  |  11b  |

12a  Pensions and annuities.  12a  |  12b  Taxable amount (see page 26).  |  12b  |

13  Unemployment compensation and Alaska Permanent Fund dividends.  |  13  |  1,584.

14a  Social security benefits.  14a  |  14b  Taxable amount (see page 28).  |  14b  |

15  Add lines 7 through 14b (far right column). This is your total income.  ▶  |  15  |  18,386.

**Adjusted gross income**

16  Educator expenses (see page 28).  |  16  |

17  IRA deduction (see page 28).  |  17  |

18  Student loan interest deduction (see page 31).  |  18  |

19  Tuition and fees deduction (see page 31).  |  19  |

20  Add lines 16 through 19. These are your total adjustments.  |  20  |

21  Subtract line 20 from line 15. This is your adjusted gross income.  ▶  |  21  |  18,386.

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 57.

Form **1040A** (2003)

1040A (2003)   ERVIN TARVER                                           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  Page 2

| | | | | | |
|---|---|---|---|---|---|
| Tax, credits, and payments | 22 | Enter the amount from line 21 (adjusted gross income). | | 22 | 18,386. |

**Standard Deduction for —**

- People who checked any box on line 23a or 23b or who can be claimed as a dependent, see page 32.
- All others:

Single or Married filing separately, $4,750

Married filing jointly or Qualifying widow(er), $9,500

Head of household, $7,000

| | |
|---|---|
| 23a | Check if: ☐ You were born before January 2, 1939, ☐ Blind } Total boxes |
| | ☐ Spouse was born before January 2, 1939, ☐ Blind } checked ► 23a ☐ |
| b | If you are married filing separately and your spouse itemizes deductions, see page 32 and check here ► 23b ☐ |

| | | | | |
|---|---|---|---|---|
| 24 | Enter your standard deduction (see left margin). | | 24 | 7,000. |
| 25 | Subtract line 24 from line 22. If line 24 is more than line 22, enter -0-. | | 25 | 11,386. |
| 26 | Multiply $3,050 by the total number of exemptions claimed on line 6d. | | 26 | 9,150. |
| 27 | Subtract line 26 from line 25. If line 26 is more than line 25, enter -0-. This is your taxable income. | ► | 27 | 2,236. |
| 28 | Tax, including any alternative minimum tax (see page 33). | | 28 | 224. |
| 29 | Credit for child and dependent care expenses. Attach Schedule 2. | 29 | | |
| 30 | Credit for the elderly or the disabled. Attach Schedule 3. | 30 | | |
| 31 | Education credits. Attach Form 8863. | 31 | | |
| 32 | Retirement savings contributions credit. Attach Form 8880. | 32 | | |
| 33 | Child tax credit (see page 37). | 33 | 224. | |
| 34 | Adoption credit. Attach Form 8839. | 34 | | |
| 35 | Add lines 29 through 34. These are your total credits. | | 35 | 224. |
| 36 | Subtract line 35 from line 28. If line 35 is more than line 28, enter -0-. | | 36 | 0. |
| 37 | Advance earned income credit payments from Form(s) W-2. | | 37 | |
| 38 | Add lines 36 and 37. This is your total tax. | ► | 38 | 0. |
| 39 | Federal income tax withheld from Forms W-2 and 1099. | 39 | 340. | |
| 40 | 2003 estimated tax payments and amount applied from 2002 return. | 40 | | |
| 41 | Earned income credit (EIC). | 41 | 3,226. | |
| 42 | Additional child tax credit. Attach Form 8812. | 42 | 630. | |
| 43 | Add lines 39 through 42. These are your total payments. | ► | 43 | 4,196. |

If you have a qualifying child, attach Schedule EIC.

**Refund**

| | | | | |
|---|---|---|---|---|
| 44 | If line 43 is more than line 38, subtract line 38 from line 43. This is the amount you overpaid. | | 44 | 4,196. |
| 45a | Amount of line 44 you want refunded to you. | ► | 45a | 4,196. |

Direct deposit? See page 50 and fill in 45b, 45c, and 45d.

► b Routing number 071002053     ► c Type: ☒ Checking ☐ Savings

► d Account number 10877980420983927

| | | | |
|---|---|---|---|
| 46 | Amount of line 44 you want applied to your 2004 estimated tax. | 46 | |

**Amount you owe**

| | | | |
|---|---|---|---|
| 47 | Amount you owe. Subtract line 43 from line 38. For details on how to pay, see page 51. | ► 47 | |
| 48 | Estimated tax penalty (see page 52). | 48 | |

**Third party designee**

Do you want to allow another person to discuss this return with the IRS (see page 52)? ☐ Yes. Complete the following. ☐ No

Designee's name                Phone no.                Personal ID number (PIN) ►

**Sign here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

Joint return? See page 20. Keep a copy for your records.

| | Date | | |
|---|---|---|---|
| Your signature For Info Only-Do not file | | Your occupation CONSTRUCTION WO | Daytime phone number |
| Spouse's signature. If a joint return, both must sign. For Info Only-Do not file | Date | Spouse's occupation | |

**Paid preparer's use only**

| Preparer's signature | Date 10/12/2006 | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code | H AND R BLOCK EASTERN ENTERPRISES SELMA, AL 36701 | | EIN 43-1632899 Phone no.(334) 872-2431 |

Form 1040A (2003)

| FORM **40** | Alabama 06 div 04 07 Income Tax Return Document #2003 |
|---|---|
| | RESIDENTS AND PART-YEAR RESIDENTS |

For the year 1/1 - 12/31, 2003, or other tax year:     FN (For official use only)

Beginning:     Ending:

| Your social security number | Spouse's SSN if joint return |
|---|---|
| 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 | |

Your first name and initial (if joint return, also give spouse's first name and initial)    Last name

ERVIN TARVER

Present home address (number and street or P.O. Box number)

810 A MOODY CIRCLE

City, town or post office, state, and ZIP code

SELMA AL 36701

**Filing Status and Exemptions** — Check only one box.

| | | | |
|---|---|---|---|
| 1 | | $1,500 Single | |
| 2 | | $3,000 Married filing joint return (even if only one spouse had income) | 5 Name **JASPER COLE** |
| 3 | | $1,500 Married filing separate return. Complete line 5 with spouse's name and SSN. | Soc. Sec. No. **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** |
| 4 | X | $3,000 Head of family (with qualifying person). (See pg 7 of instr.) Complete line 5. | Relationship **SON** |

**Income and Adjustments**

| | | | A - Alabama tax withheld | | B - Income | |
|---|---|---|---|---|---|---|
| 6 | Wages, salaries, tips, etc. (list each employer and address separately): | | | | | |
| a | KS INDUSTRIAL SERVIC CHICAGO | 6a | 607 00 | 6a | 16,410 00 | |
| b | GARRISON STEEL ERECT ALTON | 6b | 4 00 | 6b | 392 00 | |
| c | | 6c | - 00 | 6c | 00 | |
| d | | 6d | 00 | 6d | 00 | |
| 7 | Interest and dividend income (also attach Schedule B if over $1,500) | | | ▶ | 7 | 0 00 |
| 8 | Other income (from page 2, Part I, line 9) | | | ▶ | 8 | 0 00 |
| 9 | Total income. Add amounts in the income column for line 6a through line 8. | | | ▶ | 9 | 16,802 00 |
| 10 | Total adjustments to income (from page 2, Part II, line 8) | | | ▶ | 10 | 0 00 |
| 11 | Adjusted gross income. Subtract line 10 from line 9 | | | ▶ | 11 | 16,802 00 |

**Deductions** — You Must Attach page 2 of Federal Form 1040, Fed. Form 1040A, pg 1 of 1040EZ. Attach a copy of your Federal Schedule A if claiming itemized deduction on line 13.

| | | | | |
|---|---|---|---|---|
| 12 | Check box a, if you itemize deductions, and enter amt from Sch A, line 26. Check box b, if you do not itemize ded., and enter standard deduction. ▶ a ☐ Itemized Deductions ▶ b ☒ Standard Deduction ▶ | Box a or b MUST be checked | 12 | 2,000 00 |
| 13 | Federal tax liability deduction (complete Part V, page 2) ▶ **DO NOT ENTER THE FED. TAX WITHHELD FROM YOUR FORM W-2(S)** | | 13 | 0 00 |
| 14 | Personal exemption (from line 1, 2, 3, or 4) | ▶ | 14 | 3,000 00 |
| 15 | Dependent exemption (from page 2, Part III, line 2) | ▶ | 15 | 600 00 |
| 16 | Total deductions. Add lines 12, 13, 14, and 15 | | 16 | 5,600 00 |

**Tax** — Staple Form(s) W-2, W-2G & 1099 here.

| | | | | |
|---|---|---|---|---|
| 17 | Taxable income. Subtract line 16 from line 11 | | 17 | 11,202 00 |
| 18 | Income Tax due. Enter here and check if from ☒ Tax Table or ☐ Form NOL-85A | ▶ | 18 | 523 00 |
| 19 | Less credits from: ☐ Schedule CR and/or ☐ Schedule OC and/or ☐ Enterprise Zone Act (see instr.) | ▶ | 19 | 00 |
| 20a | Net tax due Alabama. Subtract line 19 from line 18 | ▶ | 20a | 523 00 |
| b | Consumer Use Tax (use worksheet on page 11) | ▶ | 20b | 0 00 |
| 21 | You may make a voluntary contribution to any of the following: Alabama Election Campaign Fund. | a Alabama Democratic Party $1 $2 ☒ none | ▶ | 21a | 0 00 |
| | | b Alabama Republican Party $1 $2 ☒ none | ▶ | 21b | 0 00 |
| | or the Neighbors Helping Neighbors Fund. | c Neighbors Helping Neighbors $ | ▶ | 21c | 0 00 |
| 22 | Total tax liability and voluntary contribution. Add lines 20a, 20b, 21a, 21b, and 21c | | 22 | 523 00 |

**Payments**

| | | | | | |
|---|---|---|---|---|---|
| 23 | Alabama income tax withheld (from Forms W-2, W-2G, and/or 1099) | 23 | 611 00 | | |
| 24 | Amount paid with extension (attach Form 4868A) | 24 | 00 | | |
| 25 | 2003 estimated tax payments (see instructions on page 11) | 25 | 00 | | |
| 26 | Total payments. Add lines 23 through 25 | | | 26 | 611 00 |

**AMOUNT YOU OWE**

| | | | | |
|---|---|---|---|---|
| 27 | If line 22 is larger than line 26, subtract line 26 from line 22, and enter AMOUNT YOU OWE. Place payment, along with Form 40V, loose in the mailing envelope. (FORM 40V MUST ACCOMPANY PAYMENT.) If paying by credit card do not include Form 40V and check here ▶ ☐ | CN | ▶ | . 00 |
| 28 | Estimated tax penalty. Also include on line 27 (see instructions page 11) | 28 | 00 | |

**OVERPAID**

| | | | | |
|---|---|---|---|---|
| 29 | If line 26 is larger than line 22, subtract line 22 from line 26, and enter amount OVERPAID | | 29 | 88 00 |
| 30 | Amount of line 29 to be applied to your 2004 estimated tax | ▶ | 30 | 00 |

**Donation Check-offs**

| 31 | You may donate all or part of your overpayment. (Enter $1, $5, $10, $25, none, or other amount in the appropriate boxes.) | | |
|---|---|---|---|
| a | Senior Services Trust Fund . ▶ | 00 | f AL Indian Children's Scholarship ▶ | 00 |
| b | AL Arts Development Fund . ▶ | 00 | g Penny Trust Fund . . . . . ▶ | 00 |
| c | AL Nongame Wildlife Fund . ▶ | 00 | h Foster Care Trust Fund . . . . . ▶ | 00 |
| d | Child Abuse Trust Fund . . . ▶ | 00 | i Mental Health . . . . . . ▶ | 00 |
| e | AL Veterans Program . . . ▶ | 00 | j AL Breast & Cervical Cancer Prog ▶ | 00 |
| | | | k AL 4-H Club . . . . . . ▶ | 00 |

**PLEASE**
- Verify your social security number
- Recheck your math
- Sign return on page 2
- Attach W-2 forms!

| | | | | |
|---|---|---|---|---|
| 32 | Total. Add line 30 and lines 31a, b, c, d, e, f, g, h, i, j, and k | | 32 | 0 00 |

**REFUND**

| 33 | REFUNDED TO YOU. Subtract line 32 from line 29. (CAUTION: You must sign this return on page 2.) | ▶ | 33 | 88 00 |
|---|---|---|---|---|

AL29

## PART I — Other Income (see page 13)

| | | | |
|---|---|---|---|
| 1 | Alimony received | 1 | 00 |
| 2 | Business income or (loss) (attach Federal Schedule C or C-EZ) | 2 | 00 |
| 3 | Gain or (loss) from sale of Real Estate, Stocks, Bonds, etc. (attach Schedule D) | 3 | 00 |
| 4a | Total IRA distributions  4a  00  4b Taxable amount (see instructions) | 4b | 00 |
| 5a | Total pensions and annuities  5a  00  5b Taxable amount (see instructions) | 5b | 00 |
| 6 | Rents, royalties, partnerships, estates, trusts, etc. (attach Schedule E) | 6 | 00 |
| 7 | Farm income or (loss) (attach Federal Schedule F) | 7 | 00 |
| 8 | Other income (state nature and source - see instructions) | 8 | 00 |
| 9 | Total other income. Add lines 1 through 8. Enter here and also on page 1, line 8 ▶ | 9 | 0 00 |

## PART II — Adjustments to Income (see page 16)

| | | | |
|---|---|---|---|
| 1a | Your IRA deduction | 1a | 00 |
| b | Spouse's IRA deduction | 1b | 00 |
| 2 | Payments to a Keogh retirement plan and self-employment SEP deduction | 2 | 00 |
| 3 | Penalty on early withdrawal of savings | 3 | 00 |
| 4 | Alimony paid. Recipient's last name _____ SSN ▶ Address _____ City _____ State _____ ZIP | 4 | 00 |
| 5 | Adoption expenses | 5 | 00 |
| 6 | Moving Expenses (Attach Federal Form 3903) to City _____ State _____ ZIP | 6 | 00 |
| 7 | Self-employed health insurance deduction | 7 | 00 |
| 8 | Total adjustments. Add lines 1 through 7. Enter here and also on page 1, line 10 ▶ | 8 | 00 |

## PART III — Dependents (Do not include yourself or your spouse) (See page 9)

| 1a Dependents: (1) First name  Last name | (2) Dependent's social security number. | (3) Dependent's relationship to you. | (4) Did you provide more than one-half dependent's support? |
|---|---|---|---|
| JASPER COLE | 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 | SON | Y |
| CASSANDRA LEE | 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 | DAUGHTER | Y |

| | | | |
|---|---|---|---|
| b | Total number of dependents claimed above | | 2 |
| 2 | Amount allowed. (Multiply $300 by the total number of dependents claimed on line 1b.) Enter amount here and on page 1, line 15 ▶ | 2 | 600 00 |

## PART IV — General Information (All Taxpayers Must Complete This Section.)

1 Residency [X] Full Year  If you were a part-year resident of Alabama during 2003, indicate your period of residence:
Check only one box ▶ [ ] Part Year  From _____ 2003 through _____ 2003. Total months _____

2 Did you file an Alabama income tax return for the year 2002? [X] Yes [ ] No

3 If no, state reason.

4 Give name and address of present employer(s). Yours GARRISON STEE P O BOX 65   ALTON   AL
Your Spouse's _____

5 Enter the Federal Adjusted Gross Income $ 18,386 and Federal Taxable Income $ 2,236 as reported on your 2003 Federal Individual Income Tax Return.

6 Was any income which is reported on your Federal return, but not reported on your Alabama return (other than your state tax refund)? [X] Yes [ ] No
If yes, enter source(s) and amount(s) below: (other than state income tax refund)
Source UNEMPLOYMENT COMPENSATION  Amount  1,584 00
Source _____  Amount _____

## PART V

| | | | |
|---|---|---|---|
| 1 | Enter the Federal Income Liability as shown on your 2003 Federal return | 1 | 0 00 |
| 2 | Enter your 2003 Federal Advance Child Tax Credit | 2 | 800 00 |
| 3 | Subtract line 2 from line 1, enter here and on line 13, page 1, Form 40 | 3 | 0 00 |

## Sign Here

[ ] I authorize a representative of the Department of Revenue to discuss my return and attachments with my preparer.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

| Your signature  For Info Only | Date | Daytime telephone number (334) 419-1362 | Your occupation CONSTRUCTION W |
|---|---|---|---|
| Spouse's signature (if joint return, BOTH must sign)  For Info Only | Date | Daytime telephone number | Spouse's occupation |

## Paid Preparer's Use Only

| Preparer's signature ▶ | Date 10/12/2006 | Check if self-employed [ ] | Preparer's SSN or PTIN ◀ |
|---|---|---|---|
| Firm's name (or yours if self-employed) and address ▶ | H AND R BLOCK EASTERN ENTERPRISES INC | E.I. No. 43-1632899 | |
| | 1005 JEFF DAVIS AVE SELMA AL | ZIP Code 36701- | |

If an addressed envelope came with your return, please use it and follow the instructions on the envelope. If you do not have one, mail your return to one of the addresses below.

## WHERE TO FILE FORM 40

If you are not making a payment, mail your return to:
Alabama Department of Revenue
P.O. Box 154
Montgomery, AL 36135-0001

If you are making a payment, mail your return, Form 40V, and payment to:
Alabama Department of Revenue
P.O. Box 2401
Montgomery, AL 36140-0001

Mail only your 2003 Form 40 to one of the above addresses. Prior year returns, amended returns, and all other correspondence should be mailed to Alabama Department of Revenue, P.O. Box 327464, Montgomery, AL 36132-7464.

AL29
40 (2003)   AL40-2V1.17
Form Software Copyright 1996 - 2004 H&R Block Tax Services, Inc.

Form **1040A**

Department of the Treasury - Internal Revenue Service
**U.S. Individual Income Tax Return**  (99)  **2004**    IRS Use Only - Do not write or staple in this space.

OMB No. 1545-0085

**Label** (See page 18.)

 Use the IRS label. Otherwise, please print or type:

ERVIN TARVER
810 A MOODY CIRCLE
SELMA, AL 36701

Your social security number
420~98~3927

Spouse's social security number

▲ **Important!** ▲
You must enter your SSN(s) above.

**Presidential Election Campaign** (See page 18.)

Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund?

You    Yes [X] No    Spouse    Yes    No

**Filing Status**
Check only one box.

1. [ ] Single
2. [ ] Married filing jointly (even if only one had income)
3. [ ] Married filing separately. Enter spouse's SSN above & full name below. ▶
4. [X] Head of household (with qualifying person). (See page 19.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. [ ] Qualifying widow(er) with dependent child (see page 19)

**Exemptions**

6a. [X] Yourself. If someone can claim you as a dependent, do not check box 6a.

b. [ ] Spouse

| c. Dependents: (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qual. child for child tax cr. (see pg 21) |
|---|---|---|---|
| JASPER COLE | 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 | SON | [X] |
| SHEMIKA WATTS | 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 | DAUGHTER | |
| | | | |
| | | | |
| | | | |
| | | | |

If more than six dependents, see page 20.

Boxes checked on 6a and 6b    **1**

No. of children on 6c who:
- lived with you    **2**
- did not live with you due to divorce or separation (see page 21)

Dependents on 6c not entered above

Add numbers on lines above ▶    **3**

d. Total number of exemptions claimed.

**Income**

Attach Form(s) W-2 here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 22.

Enclose, but do not attach, any payment.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. | 7 | 21,756. |
| 8a | Taxable interest. Attach Schedule 1 if required. | 8a | |
| b | Tax-exempt interest. Do not include on line 8a. | 8b | |
| 9a | Ordinary dividends. Attach Schedule 1 if required. | 9a | |
| b | Qualified dividends (see page 23.) | 9b | |
| 10 | Capital gain distributions (see page 23). | 10 | |
| 11a | IRA distributions. 11a | 11b Taxable amount (see page 23). | 11b | |
| 12a | Pensions and annuities. 12a | 12b Taxable amount (see page 24). | 12b | |
| 13 | Unemployment compensation & Alaska Permanent Fund dividends. | 13 | |
| 14a | Social security benefits. 14a | 14b Taxable amount (see page 26). | 14b | |
| 15 | Add lines 7 through 14b (far right column). This is your total income. ▶ | 15 | 21,756. |

**Adjusted gross income**

| | | | |
|---|---|---|---|
| 16 | Educator expenses (see page 26). | 16 | |
| 17 | IRA deduction (see page 26). | 17 | |
| 18 | Student loan interest deduction (see page 29). | 18 | |
| 19 | Tuition and fees deduction (see page 29). | 19 | |
| 20 | Add lines 16 through 19. These are your total adjustments. | 20 | |
| 21 | Subtract line 20 from line 15. This is your adjusted gross income. ▶ | 21 | 21,756. |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 57.    Form **1040A** (2004)

1040A (2004)
Form Software Copyright 1996 - 2005 H&R Block Tax Services, Inc.    FD1040A-1V 1.18

Form 1040A (2004)    ERVIN TARVER    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  Page 2

| | | | |
|---|---|---|---|
| Tax, credits, and payments | 22 Enter the amount from line 21 (adjusted gross income). | 22 | 21,756. |
| | 23a Check { You were born before January 2, 1940, ☐ Blind } Total boxes | | |
| | if: { Spouse was born before January 2, 1940, ☐ Blind } checked ► 23a | | |
| | b If you are married filing separately and your spouse itemizes deductions, see page 30 and check here ► 23b ☐ | | |
| Standard Deduction for — • People who checked any box on line 23a or 23b or who can be claimed as a dependent, see page 31. • All others: Single or Married filing separately, $4,850. Married filing jointly or Qualifying widow(er), $9,700. Head of household, $7,150. | 24 Enter your standard deduction (see left margin). | 24 | 7,150. |
| | 25 Subtract line 24 from line 22. If line 24 is more than line 22, enter -0-. | 25 | 14,606. |
| | 26 If line 22 is $107,025 or less, multiply $3,100 by the total number of exemptions claimed on line 6d. If line 22 is over $107,025, see the worksheet on page 32. | 26 | 9,300. |
| | 27 Subtract line 26 from line 25. If line 26 is more than line 25, enter -0-. This is your taxable income. ► | 27 | 5,306. |
| | 28 Tax, including any alternative minimum tax (see page 31). | 28 | 533. |
| | 29 Credit for child and dependent care expenses. Attach Schedule 2. | 29 | |
| | 30 Credit for the elderly or the disabled. Attach Schedule 3. | 30 | |
| | 31 Education credits. Attach Form 8863. | 31 | |
| | 32 Retirement savings contributions credit. Attach Form 8880. | 32 | |
| | 33 Child tax credit (see page 36). | 33 | 533. |
| | 34 Adoption credit. Attach Form 8839. | 34 | |
| | 35 Add lines 29 through 34. These are your total credits. | 35 | 533. |
| | 36 Subtract line 35 from line 28. If line 35 is more than line 28, enter -0-. | 36 | 0. |
| | 37 Advance earned income credit payments from Form(s) W-2. | 37 | |
| | 38 Add lines 36 and 37. This is your total tax. ► | 38 | 0. |
| | 39 Federal income tax withheld from Forms W-2 and 1099. | 39 | 112. |
| If you have a qualifying child, attach Schedule EIC. | 40 2004 estimated tax payments and amount applied from 2003 return. | 40 | |
| | 41a Earned income credit (EIC). | 41a | 2,671. |
| | b Nontaxable combat pay election. 41b | | |
| | 42 Additional child tax credit. Attach Form 8812. | 42 | 467. |
| | 43 Add lines 39, 40, 41a & 42. These are your total payments. ► | 43 | 3,250. |
| Refund | 44 If line 43 is more than line 38, subtract line 38 from line 43. This is the amount you overpaid. | 44 | 3,250. |
| Direct deposit? See page 49 and fill in 45b, 45c, and 45d. | 45a Amount of line 44 you want refunded to you. ► | 45a | 3,250. |
| | ► b Routing number 071002053    ► c Type: ☒ Checking ☐ Savings | | |
| | ► d Account number 10877980420983927 | | |
| | 46 Amount of line 44 you want applied to your 2005 estimated tax. | 46 | |
| Amount you owe | 47 Amount you owe. Subtract line 43 from line 38. For details on how to pay, see page 51. ► | 47 | |
| | 48 Estimated tax penalty (see page 51). | 48 | |
| Third party designee | Do you want to allow another person to discuss this return with the IRS (see page 52)? ☒ Yes. Complete the following. ☐ No | | |
| | Designee's name ► HR BLOCK    Phone no. ► (334) 872-2431    Personal ID number (PIN) ► 01280 | | |

Sign here
Joint return? See page 18. Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| For Info Only-Do not file | | CONSTRUCTION | |
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | |
| For Info Only-Do not file | | | |

| Paid preparer's use only | Preparer's signature ► | Date 10/12/2006 | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | H AND R BLOCK SELMA, AL 36701 | EIN 43-1862224 Phone no.(334) 872-2431 | |

Form 1040A (2004)

1040A (2004)
Form Software Copyright 1996 - 2005 H&R Block Tax Services, Inc.    FD1040A- 2V 1.18

# FORM 40

**Alabama Individual Income Tax Return**
**RESIDENTS AND PART-YEAR RESIDENTS** 2004

| For the year Jan. 1 - Dec. 31, 2004 or other tax yr: | FN (For official use only) |
|---|---|
| Beginning: Ending: | |

| Your social security number | Spouse's SSN if joint return |
|---|---|
| 420983927 | |

Your first name and initial (if joint return, also give spouse's first name and initial)    Last name

ERVIN    TARVER

Present home address (number and street or P.O. Box number)

810 A MOODY CIRCLE

City, town or post office, state, and ZIP code

SELMA AL 36701

**Filing Status and Exemptions** Check only 1 box

1 ☐ $1,500 Single   2 ☐ $3,000 MFJ return (even if only one spouse had income)
3 ☐ $1,500 Married filing separate return. Complete line 5 with spouse's name and SSN.
4 ☒ $3,000 Head of family (with qualifying person). (See pg 7 of inst.) Complete line 5.

5 Name JASPER COLE
  Soc. Sec. No. 416391399
  Relationship SON

**Income and Adjustments**

6 Wages, salaries, tips, etc. (list each employer and address separately):

| | | A - Alabama tax withheld | | B - Income | |
|---|---|---|---|---|---|
| 6a | GARRISON STEEL ERECT ALTON | 106 00 | 6a | 3,843 00 | |
| 6b | | 00 | 6b | | 00 |
| 6c | | 00 | 6c | | 00 |
| 6d | | 00 | 6d | | 00 |

| 7 | Interest and dividend income (also attach Schedule B if over $1,500) | 7 | 0 00 |
|---|---|---|---|
| 8 | Other income (from page 2, Part I, line 9) | 8 | 00 |
| 9 | Total income. Add amounts in the income column for line 6a through line 8 | 9 | 3,843 00 |
| 10 | Total adjustments to income (from page 2, Part II, line 8) | 10 | 0 00 |
| 11 | Adjusted gross income. Subtract line 10 from line 9 | 11 | 3,843 00 |

**Deductions**

You Must Attach pg 2 of Fed Form 1040, Fed Form 1040A, pg 1 of 1040EZ, or a copy of your Fed Sch A if claiming a deduction on line 13.

12 Check box a, if you itemize deductions, and enter amt from Sch A, line 26.
Check box b, if you do not itemize deductions, & enter standard deduction.
☐ a   Itemized Deductions   ☒ b   Standard Deduction | 12 | 769 00 |

13 Federal tax liability deduction (see instructions)
DO NOT ENTER THE FED TAX WITHHELD FROM YOUR FORM W-2(S) | 13 | 0 00 |

| 14 | Personal exemption (from line 1, 2, 3, or 4) | 14 | 3,000 00 |
| 15 | Dependent exemption (from page 2, Part III, line 2) | 15 | 600 00 |
| 16 | Total deductions. Add lines 12, 13, 14, and 15 | 16 | 4,369 00 |
| 17 | Taxable income. Subtract line 16 from line 11 | 17 | (526) 00 |

**Tax**

Staple Form(s) W-2, W-2G and/or 1099 here.

| 18 | Income Tax due. Enter amount from tax table or check if from ☐ Form NOL-85A | 18 | 0 00 |
| 19 | Less credits from: ☐ Schedule CR and/or ☐ Schedule OC | 19 | 00 |
| 20a | Net tax due Alabama. Subtract line 19 from line 18 | 20a | 0 00 |
| 20b | Consumer Use Tax (use worksheet on page 11) | 20b | 00 |

21 You may make a voluntary contribution to any of: a Alabama Democratic Party ☐$1 ☐$2 ☒none | 21a | 0 00 |
the following: Alabama Election Campaign Fund: b Alabama Republican Party ☐$1 ☐$2 ☒none | 21b | 0 00 |
or the Neighbors Helping Neighbors Fund. c Neighbors Helping Neighbors $ | 21c | 0 00 |

| 22 | Total tax liability and voluntary contribution. Add lines 20a, 20b, 21a, 21b, and 21c | 22 | 0 00 |

**Payments**

| 23 | Alabama income tax withheld (from Forms W-2, W-2G, and/or 1099) | 23 | 106 00 | | |
| 24 | Amount paid with extension (attach Form 4868A) | 24 | 00 | | |
| 25 | 2004 estimated tax payments (see instructions on page 11) | 25 | 00 | | |
| 26 | Total payments. Add lines 23 through 25 | | | 26 | 106 00 |

**AMOUNT YOU OWE**

27 If line 22 is larger than line 26, subtract line 26 from line 22, and enter AMOUNT YOU OWE. Place payment, along with Form 40V, loose in the mailing envelope. (FORM 40V MUST ACCOMPANY PAYMENT.)If paying by credit card do not include Form 40V and check here ☐ | CN | 27 | .00 |

28 Estimated tax penalty. Also include on line 27 (see instructions page 11) | 28 | 00 |

**OVERPAID**

29 If line 26 is larger than line 22, subtract line 22 from line 26, and enter amount OVERPAID | 29 | 106.00 |

30 Amount of line 29 to be applied to your 2005 estimated tax | 30 | 00 |

**Donation Check-offs**

31 You may donate all or part of your overpayment. (Enter $1, $5, $10, $25, none, or other amount in the appropriate boxes.)

| a | Senior Services Trust Fund | 00 | f | AL Indian Children's Scholarship Fund | 00 |
| b | AL Arts Development Fund | 00 | g | Penny Trust Fund | 00 |
| c | AL Nongame Wildlife Fund | 00 | h | Foster Care Trust Fund | 00 |
| d | Child Abuse Trust Fund | 00 | i | Mental Health | 00 |
| e | AL Veterans Program | 00 | j | AL Breast & Cervical Cancer Prog | 00 |
| | | | k | AL 4-H Club | 00 |

| 32 | Total. Add line 30 and lines 31a, b, c, d, e, f, g, h, i, j, and k | 32 | 0 00 |

**REFUND**

33 REFUNDED TO YOU. (CAUTION: You must sign this return on page 2.)
Subtract line 32 from line 29. For Direct Deposit, check here ☐ and complete Part V, Page 2 | 33 | 106.00 |

**PLEASE**
- Verify your social security number
- Recheck your math
- Sign return on page 2
- Attach W-2 form(s)

AL29



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

EEOC Charge No.: 130-2004-2047
Ervin Tarver v. Mansfield Industrial

Ervin Tarver
2811 Earl Goodwin Parkway, Apt. 44
Selma, Alabama 36701

Dear Mr. Tarver:

The Equal Employment Opportunity Commission has determined that efforts to conciliate the above referenced charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful. This letter constitutes the notice required by Section 1601.25 of the Equal Employment Opportunity Commission's Procedural Regulations which provides that the Commission shall notify a Charging Party in writing when it determines that further conciliation efforts would be futile or nonproductive.

No further efforts to conciliate this case will be made by the Equal Employment Opportunity Commission. Accordingly, your case has been referred to EEOC's Birmingham District Office Legal Unit for review to determine whether EEOC will bring a civil action in Federal District Court against the above-named Respondent. A determination should be forthcoming in the near future.

If EEOC decides to bring a civil action under Title VII, you have the right to seek to intervene in such an action. If EEOC decides that it will not bring a civil action, you will be notified and will receive a Notice of Right to Sue, which will entitle you to sue the Respondent.

On Behalf of the Commission:

9 MAR 2006
_____
Date

*Beverly B. Hinton for*
_____
Bernice Williams-Kimbrough
District Director

## SUPPLEMENTAL STATEMENT OF ERVIN TARVER

GE's bathroom stalls had racial slurs such as "Nigger Go Back to Africa" and "I

Hate Niggers". Mansfield supervisors wore Confederate battle flag stickers on their

helmets and co-workers wore Confederate T-shirts with statements such as "The South

Will Rise Again."

**This is a true and correct statement.**

Ervin Tarver

1-5-06
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Birmingham District Office**

2000 Ridge Park Place
1130 South 22ⁿᵈ Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.:  130-2004-02047

Ervin Tarver                                Charging Party
2811 Earl Goodwin Parkway, Apt. 44
Selma, Alabama 36701

Mansfield Industrial                        Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

## DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was denied benefits and a promotion and subjected to a hostile environment because of his race (Black), in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of unlawful discrimination.

Investigation revealed that racial epithets were used at the worksite. I find reasonable cause to believe that the Charging Party was subjected to racial harassment which created a hostile environment, in violation of Title VII.

No determination is made regarding any other issue.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation. I have enclosed a proposed conciliation agreement which contains provisions that provide relief for the charging Party and injunctive/remedial relief in the interest of public policy.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination

District Office

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
(205) 212-2105

against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

Date _____ September 30, 05

On Behalf of the Commission:

Bernice Williams-Kimbrough
District Director

; to

ion
m.
solution of
eason, a
h the parties
s and the
ire to begin
rovisions that
of public policy.

e exercised their
scrimination

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | |

_____ and EEOC

_State or local Agency, if any_

| .E(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Ervin Tarver | (334) 419-1362 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2811 Earl Goodwin Parkway, Apt. 44 | | 12/02/1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Mansfield Industry Coating Corporation | NUMBER OF EMPLOYEES, MEMBERS More than 50 | TELEPHONE (Include Area Code) (225) 752-7564 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1029 La Crete | Baton Rouge, LA 70810 | Parish |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| K2 Industrial Services, Inc. | (312) 645-7770 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 414 N Orleans | Chicago, Illinois  60610 | Cook |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST (ADEA/EPA)        LATEST (All) |

| [X] RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ AGE |
|---|---|---|---|---|
| [X] RETALIATION | ☐ NATIONAL | ☐ DISABILITY | ☐ OTHER (Specify) | |

ORIGIN

Sept. 2003 – Nov. 2003

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

→ SEE ATTACHMENT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 2-13-04     Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

I Ervin Tarver declare that statements below are true. I witness many instances of discrimination while working with Mansfield (Kenny Industries) or K2. On February 28, 2003 Johnny Crutchfield promised me a foreman position he then in turn hired Corey Watson (a white man) whom had no painting experiences and was given the position as foreman when hired. I have been painting for eighteen years and had been employed by Mansfield for six or seven months. Johnny told Corey if any problems with painting should arise to come to me.

The company manual states that at the end of six months all employees are eligible for insurance. During the second week of July 2003 a white employee (Earl Souse) told me that he had his insurance at the time I had been with the company for ten months was never offered insurance. They are other statements from other employees about instances of discrimination that we all have witnessed.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | MANSFIELD AMENDED CHARGE |

and EEOC

| State or local Agency, if any |
|---|

| E(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Ervin Tarver | (334) 419-1362 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2811 Earl Goodwin Parkway, Apt. 44 | Selma, Alabama 36701 | 12/02/1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Mansfield Industry Coating Corporation | NUMBER OF EMPLOYEES, MEMBERS More than 50 | TELEPHONE (Include Area Code) (225) 752-7564 | |
|---|---|---|---|
| STREET ADDRESS 1029 La Crete | CITY, STATE AND ZIP CODE Baton Rouge, LA 70810 | | COUNTY Parish |

| NAME K2 Industrial Services, Inc. | TELEPHONE NUMBER (Include Area Code) (312) 645-7770 | |
|---|---|---|
| STREET ADDRESS 414 N Orleans | CITY, STATE AND ZIP CODE Chicago, Illinois 60610 | COUNTY Cook |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE | September 2003-November 2003 |
| [X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify) | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

OTHER EMPLOYER/AGENCY WHO DISCRIMINATED AGAINST ME:

NAME                                    TELEPHONE

General Electric Company                (518) 433-4308

STREET ADDRESS                          CITY, STATE AND ZIP
1 River Road                            Schenectady, New York 12345

SEE ATTACHMENT FOR THE PARTICULARS

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| 4-14-04   Charging Party (Signature) | |

EEOC FORM 5 (Test 10/94)

Particulars of Ervin Tarver:

    I Ervin Tarver declare that statements below are true. I witness many instances of discrimination while working with Mansfield (Kenny Industries) or K2. On February 28, 2003 Johnny Crutchfield promised me a foreman position he then in turn hired Corey Watson (a white man) whom had no painting experiences and was given the position as foreman when hired. I have been painting for eighteen years and had been employed by Mansfield for six or seven months. Johnny told Corey if any problems with painting should arise to come to me.

    -The company manual states that at the end of six months all employees are eligible for insurance. During the second week of July 2003 a white employee (Earl Souse) told me that he had his insurance at the time I had been with the company for ten months was never offered insurance. They are other statements from other employees about instances of discrimination that we all have witnessed.

    I believe I was subjected to a hostile work environment, discriminated and retaliated against on the basis of my race, Black, in violation of the Civil Rights Act of 1964, as amended.



DEVINE
MILLIMET
ATTORNEYS AT LAW

November 8, 2005

DEBRA WEISS FORD
603.964.4990
DFORD@DEVINEMILLIMET.COM

*Via Federal Express*

Bernice Williams-Kimbrough
District Director
U.S. Equal Employment Opportunity Commission
Birmingham District Office
2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205

Re:    Ervin Tarver v. Mansfield Industrial, Inc.
       Charge No. 130-2004-02047

Dear Ms. Williams-Kimbrough:

Mansfield Industrial, Inc. ("the Company") respectfully requests that the Equal Employment
Opportunity Commission reconsider its probable cause finding on Mr. Tarver's charge of hostile
environment because of his race (African-American). This letter will outline the grounds on
which the Company believes that the probable cause finding should be reversed, and a no cause
finding should be entered in its favor.

In his Charge of Discrimination, Mr. Tarver alleges that he was subjected to racial discrimination
in the workplace. He alleges that his supervisor, Johnny Crutchfield, promised him a foreman
position and then gave the position to Corey Watson, who is Caucasian. He further alleges that
he was subjected to unlawful discrimination because he was not offered health insurance benefits.

The Determination dated September 30, 2005 states that the investigation revealed that racial
epithets were used at the worksite and that reasonable cause existed to believe that Mr. Tarver
was subjected to racial harassment which created a hostile work environment, in violation of Title
VII. The Determination states that no determination was made regarding any other issue.

The Determination does not cite any evidence or supporting documentation to sustain the
conclusion that Mr. Tarver was subjected to a racially hostile environment. The Determination
does not state who made the racial epithets, when they were made, where they were made, or how
often they were made and over what period of time, or that Mr. Tarver was even present when
they were made. The definition of a hostile work environment requires showing that the alleged
defendant's behavior be either severe or pervasive and serve to interfere with complainant in the

Bernice Williams-Kimbrough
November 8, 2005
Page 2

performance of his job duties.  Because of the vagueness of the Determination as to what
constituted the racial epithets and whether there was a sufficient number of incidents of which
Mr. Tarver was aware to justify a finding of pervasive conduct so as to support the conclusion of
a hostile work environment, there does not appear to be an adequate basis to support a probable
cause finding.  Further, there is no evidence identified in the Determination which would support
any claim that Mr. Tarver's job performance suffered as a result of the alleged conduct.  In
addition, there is no evidence identified in the Determination that would establish that Mr. Tarver
was either present or even aware of the racial epithets.  Mr. Tarver cannot claim to have been
subjected to a hostile work environment if he was not even present or aware of any racial epithets.
To hold otherwise is contrary to applicable law.

In addition, Mr. Tarver was not awarded the foreman position because he failed a drug test, not
because of any discriminatory animus.  Mr. Tarver was initially hired to work on the General
Electric Plastics job.  At the conclusion of this job, Mr. Tarver was offered a foreman position on
the Hyundai jobsite.  In November 2003, however, Mr. Tarver failed the drug test required by
Hyundai, and Mr. Tarver was then informed that he could not work at the site.  It was the failed
drug test alone, and not any act of discrimination, that resulted in Mr. Tarver's termination from
the Company.

Further, Mr. Tarver was not offered health insurance benefits because the Company's policies
specifically state that such benefits are only offered to permanent employees after completion of a
30-day probationary period.  Both the General Electric and Hyundai job sites were short-term
projects, and the majority of people hired at those sites were casual employees and not eligible for
health insurance benefits.

None of the actions of which Mr. Tarver complains were motivated by discriminatory animus on
the part of the Company but merely reflect adherence to established Company policies to which
all employees, regardless of race, are subject.  Accordingly, there does not appear to be a basis to
support the finding of probable cause.

For the reasons set forth above, the Company respectfully requests that the matter be
reconsidered.  Should you require any additional information regarding this matter, please do not
hesitate to contact me.

Very truly yours,

Debra Weiss Ford

DWF:neb

Bernice Williams-Kimbrough
November 8, 2005
Page 3

cc:    Cecile Vezinat, HR Manager
       Ervin Tarver



DEVINE
MILLIMET

ATTORNEYS AT LAW

August 30, 2004

DEBRA WEISS FORD
603.964.4990
DFORD@DEVINEMILLIMET.COM

Eugene Henderson, Investigator
U.S. Equal Employment Opportunity Commission
Birmingham District Office
Park Ridge Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205

Re:    Ervin Tarver v. Mansfield Industrial
       Charge No. 130-2004-02047

Dear Mr. Henderson:

Our law firm represents Mansfield Industrial, Inc. ("Mansfield Industrial") in connection with
Ervin Tarver's Charge of Discrimination (the "Charge"). Please allow the following to serve as
Mansfield Industrial's Position Statement in response to the Charge, and Mansfield Industrial's
request that the Charge be dismissed.[1]

## FACTUAL BACKGROUND

Mansfield Industrial offers comprehensive industrial painting and coatings services to customers
in the power, refining, petro-chemical, pipeline, pulp and paper, steel, and manufacturing sectors.
Its workforce fluctuates based on the number of contracts the Company has at any one time, and
there is a high rate of turnover in the laborer and craft worker positions. With oversight from the
Corporate Office, the supervisors on a particular jobsite generally hire new employees in
accordance with the personnel needs of that site.

By policy and practice, the Company prohibits discrimination in the workplace. All employees
receive an employee handbook entitled "Code of Safe Practices" (the "handbook") which
includes an equal employment opportunity statement. In the statement, Mansfield Industrial

---

[1] Please note that this response includes confidential information not to be disclosed without the written
approval of Mansfield Industrial, Inc. *See* 42 U.S.C. §§ 2000e-5(b), 2000e-8(e); 29 C.F.R. §§ 1601.22, 1601.26;
56 Fed. Reg. 10847. In addition, this response is based upon our understanding of the facts and the information
reviewed thus far. Although there has not been an opportunity for formal discovery or a complete formal
investigation, this response is submitted for the purpose of aiding the agency in its investigation and facilitating
the informal resolution of these matters. This response, while believed to be accurate, does not constitute an
affidavit or a binding statement of the Company's legal position, nor is it intended to be used as evidence of any
kind in any administrative or court proceeding in connection with Complainant's allegations. Because additional
facts likely would be uncovered through discovery or following a full investigation, the Company in no way
waives its right to present new or additional information at a later date, for substance or clarification. Moreover,
by responding to this charge, the Company does not waive, and hereby preserves, any and all substantive and
procedural defenses that may exist to the charge and Complainant's allegations.

Eugene Henderson, Investigator
August 30, 2004
Page 2

"reaffirms its policy to provide equal opportunities to all qualified applicants and employees in
every phase of employment without discrimination based on race, color, . . ." The handbook also
contains a policy that prohibits harassment and provides a reporting procedure for any employee
who wants to report an incident of harassment or discrimination. The policy provides, in part:

> The Company is committed to providing a safe work environment that is free of
> discrimination, unlawful harassment, violence or threats of violence. Actions, words,
> jokes, or comments based on an individual's sex, race, ethnicity, age, religion or any
> other legally protected characteristic will not be tolerated. As an example, sexual
> harassment (both overt and subtle) is a form of employee misconduct that is demeaning
> to another person, undermines the integrity of the employment relationship, and is strictly
> prohibited.

> Any employee who wants to report an incident of sexual or other unlawful harassment,
> intimidation or acts of violence should promptly report the matter to his or her supervisor.
> If the supervisor is unavailable or the employee believes it would be inappropriate to
> contact that person, he or she should immediately contact the Human Resources
> Department or the Safety Department. Employees can raise concerns and make reports
> without fear of reprisal. Any Supervisor or Manager who becomes aware of possible
> incident [sic] should advise Management immediately.

The handbook is attached as **Exhibit A.** The handbook also contains rules and regulations with
respect to standards of conduct, and informs employees that disciplinary action, up to and
including immediate discharge, may be imposed for violations of Company policy. All
employees sign an acknowledgment form attesting to the fact that they have received the
handbook and agree to comply with all the rules in the handbook and any other safety rules and
procedures. Employees also have visual reminders of the Company reporting procedure because
posters are displayed at each jobsite which outline the procedures for reporting complaints or
concerns.

In support of its commitment to providing a workplace free of discrimination, Mansfield
Industrial has a Conflict, Harassment & Violence in the Workplace Program. The Program
provides further information to employees regarding acceptable standards of conduct in the
workplace, and outlines the procedures for recognizing and reporting inappropriate behavior. The
Program also provides forms for supervisors and other employees to use when documenting a
complaint of inappropriate behavior. Employees, including supervisors, receive training on the
Program. The Conflict, Harassment and Violence in the Workplace Program is attached as
**Exhibit B.**

Ervin Tarver was hired on September 4, 2002, as a blaster and painter on the General Electric
Plastics job (the "G.E. job"). On May 13, 2003, Johnny Crutchfield, Mr. Tarver's supervisor,
authorized a wage increase of $1.00 per hour for Mr. Tarver because "[h]e is a very good

Eugene Henderson, Investigator
August 30, 2004
Page 3

worker." When the G.E. job ended, Mr. Crutchfield offered Mr. Tarver a foreman position on the Hyundai jobsite. However, on November 21, 2003, Mr. Tarver failed the drug test required by Hyundai and the safety officer informed Mr. Crutchfield that Mr. Tarver could not work at the site. As a result, on December 1, 2003, Mansfield Industrial terminated Mr. Tarver's employment.

Mr. Tarver alleges that he was subjected to discrimination based on race and retaliation. He states that Mr. Crutchfield promised him a foreman position and then gave the position to Coy Watson who is white. As stated above, Mr. Crutchfield did offer Mr. Tarver a foreman position but Mr. Tarver was unable to perform the job because he failed the required drug test. Mr. Crutchfield did not speak with Mr. Tarver about the foreman position in February of 2003, but rather approached Mr. Tarver in late October or early November of 2003 when the G.E. job was winding down. Mr. Crutchfield was pleased with Mr. Tarver's performance and acknowledged his abilities by authorizing the pay increase in May of 2003, and offering him a foreman position at the Hyundai jobsite. It was the failed drug test alone, and not any act of discrimination or retaliation, that resulted in Mr. Tarver's termination from Mansfield Industrial.

Mr. Tarver alleges that he was subjected to unlawful discrimination because he was not offered health insurance benefits Mr. Tarver incorrectly asserts that all employees are eligible for health insurance after six months of employment. Employee benefits, including health insurance, are offered to "permanent" employees only after the completion of a 30-day probationary period. The G.E. and Hyundai jobsites were short-term work projects and most employees hired for the sites were "casual" employees – including Mr. Tarver. Casual employees, temporary employees and introductory employees are not entitled to employee benefits. The Employee Benefit Package Eligibility Requirements Explanation is attached as **Exhibit C.**

Mansfield Industrial did not act in a discriminatory manner toward Mr. Tarver. There are legitimate, nondiscriminatory reasons for Mr. Tarver's inability to obtain health insurance benefits through the Company, and for his inability to assume the duties of foreman on the Hyundai jobsite. Nonetheless, if Mr. Tarver believed that he was being treated unfairly during the course of his employment, he should have utilized the complaint procedure outlined in the handbook. Mansfield Industrial is committed to providing a workplace free of discrimination, and promptly investigates all allegations of discrimination, harassment or other forms of unacceptable treatment of its employees. Mr. Tarver's personnel file contains an acknowledgment form indicating that he received a copy of the handbook on his first day of work, and he therefore had notice of the harassment and discrimination policy and its reporting procedures. A copy of the acknowledgment form is attached as **Exhibit D.**

At no time during his employment did Mr. Tarver raise concerns or complaints about discrimination or retaliation. Mansfield Industrial first learned of the complaints when it received Mr. Tarver's Charge from the EEOC. Accordingly, as the Company had no knowledge of Mr.

Eugene Henderson, Investigator
August 30, 2004
Page 4

Tarver's concerns and complaints, it could not have retaliated against him for raising these issues in the workplace.

## RESPONSES TO REQUEST FOR INFORMATION

1.    Give the correct name and address of the facility named in the charge.

RESPONSE:    Mansfield Industrial, Inc.              Mansfield Industrial, Inc.
             Corporate Office                        Baton Rouge District Office
             P. O. Box 6205                          1029 La Crete Road
             Pensacola, FL 32503                     Baton Rouge, LA 70810

             K2 Industrial Services, Inc.
             414 N. Orleans, Suite 202
             Chicago, IL 60610

2.    State the total number of persons who were employed by your organization during the relevant period. Include both full and part-time employees. How many employees are employed by your organization at the present time?

RESPONSE:    From 4/1/03 through 12/31/03, Mansfield Industrial had approximately 350 employees. As of 8/15/04, Mansfield Industrial had 286 employees. The rate of turnover is high and the number of employees fluctuates regularly.

3.    Supply an organizational chart, statement, or documents which describe your structure, indicating, if any, the relationship between it and superior and subordinate establishments within the organization.

RESPONSE:    K2 Industrial is the parent company of Mansfield Industrial. Mansfield Industrial is a wholly owned subsidiary of K2 Industrial. Mansfield Industrial's Corporate Office is located in Pensacola, Florida. There are three District Offices located in Theodore, Alabama, and Baton Rouge and West Monroe, Louisiana.

4.    Supply a statement or documents which identify the principal product or service of the named facility.

RESPONSE:    Mansfield Industrial and K2 Industrial's principal service is industrial painting and coating.

Eugene Henderson, Investigator
August 30, 2004
Page 5

5.  State the legal status of your organization, i.e., corporation, partnership, tax-exempt non-profit, etc.  If incorporated, identify the state of incorporation.

    RESPONSE:    Mansfield Industrial and K2 Industrial were incorporated in the State of
    Delaware on April 23, 2003.

6.  State whether your organization has a contract with any agency of the federal government
    or is a subcontractor on a project which receives federal funding.  Is your organization
    covered by the provisions of Executive Order 11246?  If your answer is yes, has your
    organization been the subject of a compliance review by the OFCCP at any time during
    the past two years?

    RESPONSE:    Beginning in April of 2003, Mansfield Industries was a subcontractor on
    a highway project that received federal funding.  OFCCP conducted a
    compliance review of Mansfield Industries in March of 2004, and
    determined that the Company was in compliance with the provisions of
    Executive Order 11246.  A copy of the Compliance Data Report is
    attached as **Exhibit E.**

7.  Submit a written position statement on each of the allegations of the
    charge, accompanied by documentary evidence and/or written statements, where
    appropriate.  Also include any additional information and explanation you deem relevant
    to the charge.

    RESPONSE:    See Factual Background Section above.

8.  Submit copies of all written rules, policies and procedures relating to the issue(s) raised
    in the charge.  If such does not exist in written form, explain the rules, policies and
    procedures.

    RESPONSE:    See Factual Background Section, **Exhibit A,** and documents appended in
    response to subsequent requests.

## Issue: BENEFITS

1.  Indicate if employees are covered by hospitalization and/or health and welfare plan.  If
    so, append a copy of the plan.  Indicate whether coverage is at the employees' option; if
    not, what criteria is used to determine coverage.

    RESPONSE:    Mansfield pays 50 percent of the "employee only" rate towards health
    insurance premiums of "permanent" employees only.  "Permanent"

Eugene Henderson, Investigator
August 30, 2004
Page 6

employees are employees who regularly work a minimum of 30 hours per week on a continuous basis following a satisfactory completion of a 30-day probation period, or who complete a satisfactory probation period and regularly work at least 30 hours per week, but have experienced breaks of employment due to weather or project cessation deemed necessary by the Company.

The Charging Party was a "casual" employee. A "casual" employee holds a position of a limited, specified, or unpredictable duration. "casual" employees are not eligible for health insurance benefits.

A copy of the Company's Employee Benefits Review is attached as **Exhibit F.**

2.     Describe your policy on providing hospitalization and medical benefits; note any limitations or exclusions.

RESPONSE:    See Response to No. 1 directly above.

3.     Indicate if the Charging Party was covered by a hospitalization and/or medical and health plan during the relevant period. If so, forward a copy of the plan. If the plan has been modified or amended since the relevant period, forward copies of the amendments and indicate when each became or will become effective.

RESPONSE:    The Charging Party, as a casual employee, was not eligible for health insurance benefits.

4.     Indicate whether the hospitalization and/or medical and health plan exclude any pre-existing conditions from coverage. If it does, state what these conditions are.

RESPONSE:    The Company's health insurance plan excludes pre-existing conditions.

The Pre-Existing Conditions Limitation Statement attached at **Exhibit G.**

## Issue: DISCHARGE

1.     If the Charging Party was discharged, submit the following:

a.     date of discharge;
b.     reason for discharge;
c.     statement of whether the Charging Party had any right of appeal, and whether the Charging Party made use of any appeal rights;

Eugene Henderson, Investigator
August 30, 2004
Page 7

d.    person recommending the discharge, including name and position held;

e.    person making final decision to discharge the charging party, including name and position held. Attach copy of any evaluation or investigation report relating to the discharge; and

f.    copies of all pertinent documents in the charge party's personnel file relating to the subject discharge.

RESPONSE:    Mr. Tarver was discharged on December 1, 2003, because he failed a drug test.  Company policy does not provide a right of appeal in termination situations.  Johnny Crutchfield, the Hyundai site supervisor, made the decision to terminate Mr. Tarver after the Hyundai safety officer informed Mr. Crutchfield that Mr. Tarver had failed the drug test and therefore could not work at the site.

A copy of Mr. Tarver's personnel file, including the Notice of Termination/Separation and written statement from Mr. Crutchfield regarding Mr. Tarver's termination, is attached at **Exhibit H.**

2.    Explain your discharge procedures in effect at the time of the alleged violation.  If the procedures are in writing, submit a copy.

RESPONSE:    The Company rules regarding disciplinary action, up to and including termination, are found in the handbook in the sections on the Environmental, Safety and Health Program and the Standards of Conduct.  The Company's Environmental, Safety & Health Policy states that supervisory employees are authorized to discipline, up to and including suspension or termination of an employee, for violations of Company or Client Environmental, Safety and Health Policies, Procedures and/or Federal, State or Local regulations.

Supervisors are given the discretion to discipline employees for violations of Company rules, policies, and safety procedures. "Disciplinary action may vary from oral warning to immediate discharge, depending upon the facts and circumstances of each particular case. Factors that will be considered by the company include the seriousness of the offense, the employee's prior disciplinary record and the employee's prior work record, including length of service." See **Exhibit A.** All employees receive a copy of the handbook and sign an acknowledgment form attesting to the fact that they agree to abide by all Company policies.

Eugene Henderson, Investigator
August 30, 2004
Page 8

Mr. Tarver understood that his employment was conditioned upon passing drug tests that are required by Mansfield Industrial as well as by the site contractors. His personnel file contains written releases signed by Mr. Tarver that authorize the Company to conduct drug tests and have access to the results. See **Exhibit H.**

3.  Submit copies of all written rules relating to employee duties and conduct. Explain how employees learn the contents and rules.

    RESPONSE:   See **Exhibit A.**

4.  List all employees who committed the same or substantially similar offense(s) that the Charging Party committed and the disciplinary action taken against them. Supply backup documentation for the list. Include name and position title.

    RESPONSE:   The confidential drug test results for individuals who tested positive on pre-employment drug tests are attached at **Confidential Exhibit I.** Names and Social Security Numbers have been redacted to protect their privacy and in accordance with applicable laws related to the confidentiality of medical records. These individuals were not hired.

5.  List all the employees discharged within the relevant period. For each employee, include employee's name, position title, reason for and date of discharge, and a copy of the separation notice.

    RESPONSE:   See Response to No. 4 directly above. A confidential list of all employees who were terminated during the relevant time period is attached at **Confidential Exhibit J.**

**Issue: DISCIPLINE**

1.  Submit copies of and/or explain all written rules relating to employee duties, conduct, and discipline for the Charging Party's job classification or department during the relevant period of time. Explain how an employee learns the contents of the rules and disciplinary procedure. If the disciplinary system is progressive, explain its structure, penalties and mode of operation.

    RESPONSE:   See **Exhibit A** and Response to No. 2 in Discharge Section. Each employee is given a copy of this handbook on or about the first date of employment. In addition, there are posters on the jobsite that outline

Eugene Henderson, Investigator
August 30, 2004
Page 9

courses of action for complaints. Each employee is also orally advised to contact his/her supervisor with any questions.

2.    Submit copies of all records considered in taking this most recent disciplinary action against the Charging Party. If an action is not documented by a written record, state the offense and the resulting action, and explain why it was not recorded. For each disciplinary action taken against the Charging Party for the relevant period, explain in detail when, how, and by whom the Charging Party was notified of each action; the nature of the action; dates; and reasons why action was taken. State the name and position of the person responsible for taking each action.

RESPONSE:    See Factual Background Section and Responses and Exhibits in Discharge Section.

3.    List all employees who received disciplinary action during the relevant period in the Charging Party's job classification or department. Include employee's name, date of hire, whether probationary or not. For each person listed, describe each disciplinary action by:

a.    date of the disciplinary action(s);
b.    reason for disciplinary action(s);
c.    type of disciplinary action(s) taken;
d.    disciplinary record of employee prior to the instant issue; and
e.    person imposing the penalty; including name and position title.

Submit all documents which relate to any and all of the above disciplinary actions taken against the individuals listed above.

RESPONSE:    See Factual Background Section and Responses and Exhibits in Discharge Section.

## Issue: RETALIATION

1.    List by name and position all officials of your organization who have been informed of, or knew of, the allegations of discrimination made by the Charging Party, if any. For each person listed, state the date such notification was received, the nature of the notification, and the person's response to it. Submit all documents which state, describe, reference, or relate to the notification of the Charging Party's complaint.

RESPONSE:    The Company's first notice of the allegations of discrimination was receipt of the Charge of Discrimination.



Eugene Henderson, Investigator
August 30, 2004
Page 10

2.   Describe any personnel action(s) involving Charging Party taken after the earliest date
     any person in your organization had knowledge of Charging Party's allegation(s) of
     discrimination. Submit all documents which state, describe, reference, or relate to these
     personnel actions.

     RESPONSE:   None. The Company's first knowledge of the Charging Party's
                 allegations was its receipt of the Charge of Discrimination which was
                 filed several months after Mr. Tarver was terminated.

## CONCLUSION

Mr. Tarver was not subjected to discrimination based on his race nor was he retaliated against in
violation of Title VII of the Civil Rights Act of 1964, as amended. Mr. Tarver did not receive
medical insurance benefits because employee benefits are provided to permanent employees only
and Mr. Tarver was employed as a casual employee. His employment was terminated on
November 12, 2003, because he failed a drug test, and therefore was unable to assume the duties
of the position of foreman. As Mr. Tarver has not and cannot show that he was subjected to
racial discrimination or retaliation, the Charge should be dismissed.

Please do not hesitate to contact me if you have questions or would like further information.

Very truly yours,

Debra Weiss Ford

DWF:lmf

cc:   Cecile Vezinat, HR Manager
      Ervin Tarver (W/Out Confidential Exhibits)
      Aaron Gilman, Esquire (W/Out Exhibits)

<u>Verification</u>

Cecile Vezinat, being duly sworn, deposes and says that she is the Human Resources Manager for Mansfield Industrial.  She has read the foregoing Position Statement and verifies that the statements contained therein are true to the best of her knowledge, information, and belief.

_Cecile Vezinat_
Cecile Vezinat

STATE OF LOUISIANA
COUNTY OF _East Baton Rouge_

Sworn to before me this _27th_ day of _August_, 2004.



Notary Public/~~Justice of the Peace~~
My Commission ~~Expires~~:

OFFICIAL SEAL
TAMARAH JUNEAU
NOTARY PUBLIC NO. 68493
STATE OF LOUISIANA
PARISH OF EAST FELICIANA
My Commission is for Life