ENVIRONMENTAL, SAFETY & HEALTH PROGRAM
*The Kenny Industrial Services Family of Companies*

DOC# FF7-003

### Code of Safe Practices

### Attachment 003-B
### Receipt, Acknowledgment, & Consent Form

**Substance Abuse Program**

I (Print Name)_____ have read and fully understand the Company's Substance Abuse Program and its policies and procedures. Further, I acknowledge that employment or continued employment with the Company at any project is subject to securing acceptable results on any drug screening tests for whatever the reason I was tested. I agree to be subject to future testing in accordance with this policy and understand that refusal to be tested or unacceptable test results subjects me to termination without prior notice.

| Employee Signature | | Social Security Number | Date |
|---|---|---|---|
| *Nathaniel Lamar* | | 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 | 9-11-02 |
| Employee Supervisor (Print) | Signature | | Date |
| *Johnny Crutchfield* | *(signature)* | | 9-11-02 |

**Consent For Drug & Alcohol Testing**

I (Print Name)_____ do hereby give my consent to the Company and its authorized medical agent (Medical Review Officer) to collect a urine sample, blood sample, evidential breath test or other approved test and further give my consent to the Company or its authorized agent to forward the sample to an approved medical laboratory for performance of appropriate tests thereon to identify the presence of drugs or alcohol. I furthermore give the authorized laboratory my permission to release the results to the Company and/or Client if required.

| Employee Signature | | Social Security Number | Date |
|---|---|---|---|
| *Nathaniel Lamar* | | 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 | 9-11-02 |
| Employee Supervisor (Print) | Signature | | Date |
| *Johnny Crutchfield* | *(signature)* | | 9-11-02 |

**Receipt Acknowledgment - Employee Safety Handbook**

My signature below verifies that I have received my copy of the Company Employee "Code of Safe Practices Handbook", along with orientation and testing on its contents. I shall comply with all the rules in the handbook and any other safety rules and procedures that relate to my job. Additionally, I will contact my Supervisor if I have any questions.

| Employee Signature | | Social Security Number | Date |
|---|---|---|---|
| *Nathaniel Lamar* | | 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 | 9-11-02 |
| Employee Supervisor (Print) | Signature | | Date |
| *Johnny Crutchfield* | *(signature)* | | 9-11-02 |

Note: This form must be filled out by new employees on the first day of employment and forwarded to the Regional ESH Office immediately for filing. If there is doubt as to whether the form is already on file, have the employee fill it out again!



DEFENDANT'S
EXHIBIT

*14*

Exhibit F-3.tif

Case 2:06-cv-00497-WKW-SRW    Document 36-17    Filed 07/02/2007    Page 2 of 36

## Mansfield Industrial Coatings, Inc.
## Wage Scale Adjustment

Date: 4-1-03

Employee Name: Nathaniel Lemar

S. S. #: 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

Job Description: Painter

Present Job Name and Number: G.E. Plastics 33002

Present Wage Per Hour: $8.00 hr

Adjustment: $1.00

New Rate: $9.00 hr

Effective Week Ending: 4-13-03

Comments: He is a Good Worker

Submitted By: Johnny Critchfield

Approved By:

Authorized By:

**DEFENDANT'S EXHIBIT**

15

Exhibit F-3.tif

12/09/2003 FUE 11:32 FAX 25176. . F1450 Mansfield Mobile +4 Pcola Bay          Case 1:00-cv-00197-WKW-SRW    Document 36-17    Filed 07/02/2007    Page 3 of 36          @002/004

12/09/2003   11:13      3340325058                    MANSFIELD                         PAGE  04

02/11/2003 TUE 10:08  FAX 251+853+1450 Mansfield Mobile                                     @001/001

# Mansfield Industrial Coatings, Inc.
## Notice of Termination/Separation

Job Site: _G.E. Plastics_         Job # _33002_
Employee Name: _Nathaniel Lenore_     S.S.# _____
Position: _Painter_               Last Day Worked: _12-4-03_

### REASON - (Check if applicable):

| Resigned | _____ Illness |
| | _____ Accepted Another Job |
| | _____ Dissatisfied |
| | _____ Gave No Reason |
| | _____ Other: _____ |
| **Laid Off** | _____ Job Canceled |
| | _____ Reduction in Force |
| | _____ Other: _____ |
| **Discharged** | ✓ Absenteeism |
| | _____ Tardiness |
| | _____ Poor Performance/Quality of Work |
| | _____ Insubordination |
| | _____ Safety Violation |
| | _____ Leaving Work Area |
| | _____ Misconduct |
| | _____ Other: _____ |

Comments: (Give details and attach documentation) _____
_____
_____
_____

Recommended Rehire?          Yes          No

Employee Signature _____          Date _12-9-03_

Supervisor/Foreman   (This Must Be Signed)

DEFENDANT'S
EXHIBIT

16

## CHESTNUT, SANDERS, SANDERS, PETTAWAY, & CAMPBELL, L.L.C.

ATTORNEYS AND COUNSELORS AT LAW

ONE UNION STREET — SELMA, ALABAMA 36702-1290

J. L. CHESTNUT, JR.
HENRY SANDERS
ROSE M. SANDERS
COLLINS PETTAWAY, JR.
KATY SMITH CAMPBELL

March 11, 2004

MAILING ADDRESS:

P. O. BOX 1290
SELMA, ALABAMA 36702-1290
(334) 875-9264
TELECOPIER: (334) 875-9375
TELECOPIER: (334) 875-9853

PRINCE D. CHESTNUT
KINDAKA J. SANDERS
CHRISTMAS Y. GREEN

Equal Employment Opportunity Commission
1130 2nd Avenue South, Suite 2000
Birmingham, Alabama 35205

    Re:  EEOC Charges

Dear Sir or Madam:

    Please find enclosed employment discrimination claims for the following:  Mr. Patrick Lewis, Mr. Jack Richardson, Mr. Nathaniel Lamar, Mr. Ervin Tarver, and Mr. William Ragland.  Please mail all correspondence to Atty. Prince D. Chestnut at the above address.

    Sincerely,

    CHESTNUT, SANDERS, SANDERS,
    PETTAWAY & CAMPBELL, L.L.C.

    By: _____
        Prince D. Chestnut

PDC/cc

**Enclosures**

DEFENDANT'S EXHIBIT

17

Exhibit F-3.tif

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 130-2004-02046 |

and EEOC

_State or local Agency, if any_

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Nathaniel Lamar | (334) 874-6530 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 127 Felix Road | Selma, Alabama 36701 | 08/06/1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Mansfield Industry Coating Corporation | NUMBER OF EMPLOYEES, MEMBERS More than 50 | TELEPHONE (Include Area Code) (225) 752-7564 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1029 La Crete | Baton Rouge, LA 70810 | Parish |

| NAME | |
|---|---|
| K2 Industrial Services, Inc. | TELEPHONE NUMBER (Include Area Code) (312) 645-7770 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 414 N Orleans | Chicago, Illinois 60610 | Cook |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA)        LATEST (All) |
|---|---|
| [X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] AGE <br> [X] RETALIATION   [ ] NATIONAL ORIGIN   [ ] DISABILITY   [ ] OTHER (Specify) | Sept. 2003 - Dec. 4, 2003 <br><br> [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHMENT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 2-16-04 _(signature)_ <br> Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

DEFENDANT'S EXHIBIT

18

I Nathaniel Lamar, testify about the week before July 4, 2003, was told by my lead men that if I wasn't going to work all day on Friday I could go home and come back on Monday. I came to work on Monday and was sent back home for two days without pay. I have witness.

The next time round about August 6, 2003, I was sent to work on the other side along with one more person, and was told not to go back until he come and got me. That was leading up to the weekend. So next Monday I went back to the other side to work for two hours and Johnny left for the day about 9:30 a.m. Then the two lead men call me to the office and ask what I was doing down there. I told them what the other man said. Then I was sent home for two days without pay. I would go to work from Selma to Burkville 37 miles one-way and then be turned around because of rain or if it looks like it's going to rain. But the white guys will be down at the break room and they will get show-up time but the black men wouldn't get it. I do not think its fair.

MAR 12

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| MANSFIELD INDUSTRY COATING<br>Attn: Liz Hebert<br>Human Resource Department<br>1029 La Crete<br>Baton Rouge, LA 70810 | **Nathaniel Lamar** |

| THIS PERSON (check one or both) |
|---|
| [X] Claims To Be Aggrieved |
| [ ] Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.

**130-2004-02046**

## NOTICE OF CHARGE OF DISCRIMINATION
### (See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ]  No action is required by you at this time.

2. [ ]  Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X]  Please provide by   **22-APR-04**   a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ]  Please respond fully by                          to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ]  EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Samuel O. Hall,**                    **Birmingham District Office**
**Enforcement Supervisor**            **Ridge Park Place**
                                      **1130 22nd Street, South**
*EEOC Representative*                  **Birmingham, AL 35205**
*Telephone:*  **(205) 731-1317**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Mar 22, 2004 | Bernice Williams-Kimbrough,<br>District Director | *Bernice Williams Kimbrough* |

Exhibit F-3.tif

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

...tion 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge,* for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

|  | PERSON FILING CHARGE |
|---|---|
| **Chief Administrative Officer**<br>**General Electric Company**<br>**1 River Road**<br>**Schenectady, New York 12345** | **Nathaniel Lamar** |
|  | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
|  | EEOC CHARGE NO.<br>**130-2004-02046** |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act
[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act
[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **July 17, 2005**   a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                     to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have may be directed to:

**J.W. Furman, Investigator**
_____
*EEOC Representative*

   Telephone:   **205/212-2061**
                _____

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**DEFENDANT'S EXHIBIT**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **June 16, 2005** | **Bernice Williams-Kimbrough, District Director** | *BWK/ps* |

*19*

Enclosure with EEOC
Form 131 (5/01)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

ction 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form

| AGE. .Y | | CHARGE NUMBER |
|---|---|---|
| | FEPA | 130-2004-02046 |
| X | EEOC | MANSFIELD AMENDED CHARGE |

_____ and EEOC

*State or local Agency, if any*

| NAME(Indicate Mr. Ms. Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Nathaniel Lamar | (334) 874-6530 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 127 Felix Road | Selma, Alabama 36701 | 08/06/1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME Mansfield Industry Coating Corporation | NUMBER OF EMPLOYEES, MEMBERS More than 50 | TELEPHONE (Include Area Code) (225) 752-7564 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1029 La Crete | Baton Rouge, LA 70810 | Parish |

| NAME K2 Industrial Services, Inc. | TELEPHONE NUMBER (Include Area Code) (312) 645-7770 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 414 N Orleans | Chicago, Illinois 60610 | Cook |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA)    LATEST (ALL) |
|---|---|
| [X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE  [X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify) | September 2003-December 4, 2003   [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

## 'IER EMPLOYER/AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE |
|---|---|
| General Electric Company | (518) 433-4308 |

| STREET ADDRESS | CITY, STATE AND ZIP |
|---|---|
| 1 River Road | Schenetady, New York 12345 |

## SEE ATTACHMENT FOR THE PARTICULARS

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.   *Nathaniel Lamar*   Date 1-18-05   Charging Party (Signature) | SIGNATURE OF COMPLAINANT  *Nathaniel Lamar*  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

Particulars of Nathaniel Lamar:

I Nathaniel Lamar, testify about the week before July 4, 2003, was told by my lead men that if I wasn't going to work all day on Friday I could go home and come back on Monday. I came to work on Monday and was sent back home for two days without pay. I have witnesses. I worked for Mansfield and K-2 Industries at G.E.

The next time round about August 6, 2003, I was sent to work on the other side along with one more person, and was told not to go back until he come and got me. That was leading up to the weekend. So next Monday I went back to the other side to work for two hours and Johnny left for the day about 9:30 a.m. Then the two lead men call me to the office and ask what I was doing down there. I told them what the other man said. Then I was sent home for two days without pay. I would go to work from Selma to Burkeville 37 miles one-way and then be turned around because of rain or if it looks like it's going to rain. But the white guys will be down at the break room and they will get show-up time but the black men wouldn't get it. I do not think its fair.

I believe I was subjected to a hostile work environment, discriminated and retaliated against on the basis of my race, Black, in violation of the Civil Rights Act of 1964, as amended.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205-2881
(205) 731-0082
TTY (205) 731-0175
FAX (205) 731-2101

# AFFIDAVIT

My name is Nathaniel Lamar. I live at 127 Felix Road Selma, Alabama 36701. I was hired by Mansfield Industry Coating Corporation as a laborer in September of 2002 at $8.00 per hour. I was assigned by Mansfield to work at the G.E. plant in Burksville, Alabama. We were painting steel structures at the G.E. plant. My job duties included it all, painting, painting generators and water blasting. I did not have any special certifications when hired by Mansfield. However, I had already been doing industrial painting at Billingsley. I was performing the same duties as the painters, but I was not paid a painter's wages. Every White guy hired was paid painter's wages, but they were not painters, including some who could not mix paint and were afraid of heights (Earl, Jeff Smitherman and Ace). Earl (White) came in from Georgia at $10.00 per hour and Ace (White) at $11.50 per hour. After, I had worked for nine months, I was raised $1.00 to $9.00 per hour. In four or five months Jeff was raised from $10.00 to $12.50 per hour.

Mansfield treated Blacks and Whites differently when it came to discipline. Jeff was caught sleeping in the pipe rack one Monday in September of 2003. Johnny Reed (White) supervisor woke him up. Reed did nothing to him for sleeping on the job. On the next dat, Jeff was caught sleeping again in the pipe rack. He was told to go home, get some rest and come back the next day. In July of 2003, Ervin (Black), Cindy (White) and I were working when Ratcliff the G.E. safety man told us to come up because waste was backing up. Cindy and were sent to plant 1 and 2 by our supervision Corey (Michael Watson) and told to work down there until he calls us. So, on the following Monday, I returned to plant 1 and 2 to work. Cindy went back to plant 5. Supervisor Johnny Reed and Superintendent Cruthfield were at plant 1 and 2 and saw me working. After the first break, Corey came to plant 1 and 2 and sent me home for two days. He denied telling me to stay at the other plant until he came to get me.

Around two weeks later, in August 2003, Supervisor Corey was sent to Hunydai plant. Terry (White) became the new supervisor. Terry told us that if we could not come to work and stay all day, stay at home. When I went to work on Monday, I was sent home for two more days. This was witnessed by Ragland, Tarver, Cindy, Rolo and Steven Scott. I went to the plant on Friday after Bill called and said that if I did not come to work, I would be fired.

All of the time that I was working at Mansfield, I rode with Jack, Rolo or drove my truck. I was late sometimes. We always called when we were late with a flat or something. One time, Jeff York wrote up Yogi (Ervin) and I for being late. Ralo used to be late often. Johnny Cruthfield was waiting at the gate for Ralo. Cruthfield told Johnny Reed that if Ralo was late to send him home. Jack (White) missed a whole week because of a tire problem with his car and he was not disciplined or sent home. In fact, he was given a raise. I know this because I saw Jack's pay check.

DEFENDANT'S EXHIBIT

20

There were different standard for the Blacks and Whites on the crews. Cruthfield would threaten to fired Blacks about being late. He told us that he was going to talk with the other guys(Whites) about being late. Jack (White) told us that Cruthfield did not have a meeting with them. Around September or maybe in October of 2003, Johnny Reed told me that I could not in the porter bend area outside of 9:00, 12:00 and 3:00. A White guy, Earl, told me that he was going to smoke every 30 minutes. He and supervisor Johnny Reed were smoking together. The next day, I smoked when I got ready. Reid did not discipline me or say anything else.

I heard Johnny Cruthfield tell Johnny Reed and another employee that everything was going well, except for one buzzard painter. I assumed that he was referring to Patrick because he was the only Black painter at the location.

In January or February 2003, Steven a White supervisor and another White employee were caught with drugs in the company truck. The supervisor was sent to another job site and the other guy was fired. I know of three Blacks being fired for not coming to work, Burk Gordon, Gary Shaw and Tyrone. From September 2002 to January 2003, Whites were being paid show time when it rained and Blacks were sent home In December 2003, Jack and I did not go to work on a Friday. On Monday, Johnny Reed called me to the truck and fired me, with no verbal warning, written warning or suspension. In May, 2003, Ace (White) told Steve that he was not going up on the ladder and was drunk everyday. He was not disciplined. He just quit the job.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK LEWIS, JACK RICHARDSON,  )
NATHANIEL LAMAR, WILLIAM          )
RAGLAND, RALO COLVON [sic] &      )
ERVIN TARVER                      )
                                  )
        Plaintiffs,               )        Case No.
                                  )
v.                                )        2:06-CV-497-WKW
                                  )
K2 INDUSTRIAL SERVICES, INC. and  )
MANSFIELD INDUSTRIAL, INC.        )
                                  )
        Defendants.               )

PLAINTIFF NATHANIEL LAMAR'S ANSWER TO
DEFENDANT'S FIRST SET OF INTERROGATORIES

Comes now plaintiff, Nathaniel Lamar, by and through counsel and answers the defendants'
first set of interrogatories.  As follows:

1.  State whether you have taken or received any statements, either oral or in writing, from
any person, including parties and non-parties, who had or has any information or
knowledge relating to the allegations made the basis of this lawsuit, and, if so, state as to
each such person his/her identity, including name, address, occupation, age and telephone
number, the date of any such statement, and the substances of any such statement.

ANSWER:  None, other than to EEOC and my attorney.

2.  Identify all persons with knowledge of any fact(s) that support(s) or relate(s) to any of the
allegation(s) contained in the Complaint and describe the subjects of such knowledge as
to each person.

**DEFENDANT'S EXHIBIT**

21

1

ANSWER: Patrick Lewis; Ervin Tarver; William Ragland; Ralo Colvan, Jack Richardson. Also, former employees Earl Sow, Steve unknown, Jeff Smitherman, Ben Gayle and Gary Gordon.

3.  Identify all current or former employees of Defendants or General Electric with whom you or your attorneys have spoken, corresponded or otherwise communicated concerning any matter relating to the allegations of the Complaint or claims made in this lawsuit.

ANSWER: Patrick Lewis; Ervin Tarver; William Ragland; Ralo Colvan, Jack Richardson.

4.  Identify all persons who have provided you with any written correspondence, electronic information (including emails), letters, or any other form of document(s) relating to the claims and allegations in this lawsuit, and include a description of the correspondence and/or document(s) provided.

ANSWER: EEOC, Prince Chestnut, Attorney for Defendants, K2 Industrial, Mansfield Industrial. They all sent us written documents.

5.  Identify any and all experts which will testify at the trial of this matter, including the subjects upon which each expert will testify.

ANSWER: None have been identified at the time.

6.  State whether Plaintiff sought medical, psychological, psychiatric, or other treatment for the effects of the alleged harassment and/or discrimination, and, if so:

    (a)    Describe the treatment.

    (b)    State the dates on which treatment was received.

    (c)    State the name and address of the practitioner who provided the treatment.

    (d)    Describe the practitioner's credentials or type of practice.

ANSWER: None other than over the counter medicines.

2

7. Please provide the style of all lawsuits to which Plaintiff has been a party, either as a Plaintiff or Defendant, including civil, criminal, domestic, and workers' compensation actions, a brief description of the substance of each lawsuit identified, and the ultimate outcome of each such lawsuit.

ANSWER: American Apparel – Insurance Fraud.

8. State whether you have ever filed a claim charging employment discrimination on the basis of age, race, sex, national origin, religion, or disability other than the claim at issue in this case, and for each claim state:

    (e)     Date filed.

    (f)     Parties named.

    (g)     Description of allegedly discriminatory conduct.

    (h)     Description and outcome of proceedings.

ANSWER: None.

9. Identify each and every action you or anyone acting on your behalf took, after your employment with Mansfield Industrial, Inc. ended, to seek and obtain any alternative employment or income source. This interrogatory is continuing in nature and covers the time period from the end of your employment with Mansfield Industrial, Inc. to the trial of this lawsuit.

ANSWER: I filed for unemployment. I obtained a job with the City of Selma. I work at Sturdivant Hall as a maintenance employee.

10. If you have refused to produce any document(s) requested in Defendants' Document Requests to Plaintiffs, identify each such document and state the ground(s) for withholding the document.

ANSWER: NO

3

11. Give a complete history of your employment stating each employer, salary or rate of pay, title or position held, dates of any title or position changes, reasons for title or position changes or changes in employment, duties you performed or were responsible for in each title or position, and compensation and benefits associated with each title or position. . This interrogatory is continuing in nature and should include all employers for which you have worked from the time your employment at Mansfield Industrial, Inc. ended to the trial of this lawsuit.

ANSWER:  Globe Security $6.50 hour; R. L. Zeigler $5.15 hour; Lakeview Nursery $6.50 hour and the City of Selma $7.00 hour.

12. Identify all meetings that you attended during your employment with Defendants where an employee(s) or representative(s) of Defendants announced or discussed any aspect of Defendants' discrimination and/or harassment policy.

ANSWER:  Orientation was given by G.E. Mansfield Ind. never held a meeting.

13. Please state the type (e.g., lost wages, back pay, mental anguish, punitive damages, etc.) and exact amount of each item of damages for which you seek recovery in this lawsuit.

ANSWER: Lost wages, back pay, mental anguish, punitive damages, etc.  Attorneys will set the amount.

14. Identify each hospital, physician, chiropractor, osteopath, psychiatrist/psychologist, social worker or counsel, pharmacist or pharmacy, and/or other medical practitioner or healthcare provider, who has seen, treated, and/or provided medication for Plaintiff in the last ten (10) years, and provide a description of the injury and/or affliction, the dates of treatment and/or visits, and the type of treatment rendered and/or medication prescribed.

4

ANSWER: In 2002, I was seen by the V.A. in Tuscaloosa and Birmingham when I hurt my knee. I also got a yearly physical.

15. Identify all Mansfield Industrial, Inc. employees who worked on your "shift" at the time each alleged incident of harassment or discrimination took place and at the time your employment with Mansfield Industrial, Inc. ended.

ANSWER: Ervin Tarver, Jackie Richardson, William Ragland, Steve, Patrick and Rolo.

_Nathaniel Lamar_

NATHANIEL LAMAR

SWORN TO and SUBSCRIBED before me this _19th_ day of _April_ 2007.

_____

NOTARY PUBLIC

MY COMMISSION EXPIRES: _2—14—2009_

_____

Collins Pettaway, Jr.(PET008)
Attorney for Plaintiffs
CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.
P. O. Box 1290
Selma, AL 36702-1290

Bryon R. Perkins
Attorney for Plaintiffs
THE COCHRAN FIRM
505 N. 20th Street, Ste. 825
The Financial Center
Birmingham, AL 35203

5

Exhibit F-3.tif

## CERTIFICATE OF SERVICE

This is to certify that I have on this the 20th day of _____ 2007 served a copy of the foregoing answers by depositing the same in the U.S. mail properly addressed with postage prepaid upon:

William H. King
Natasha L. Wilson
Haley A. Anderson
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 N. 20th Street
Birmingham, AL  35203-3200


OF COUNSEL

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK LEWIS, JACK RICHARDSON, )
NATHANIEL LAMAR, WILLIAM )
RAGLAND, RALO COLVON [sic] & )
ERVIN TARVER )
                         )
      Plaintiffs, )      Case No.
                          )
v. )      2:06-CV-497-WKW
                          )
K2 INDUSTRIAL SERVICES, INC. and )
MANSFIELD INDUSTRIAL, INC. )
                          )
      Defendants. )

## PLAINTIFF NATHANIEL LAMAR'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Comes now Plaintiff Nathaniel Lamar, by and through counsel and respond to defendants first request for production as follows:

1. Any and all statements, of whatever nature, taken from any person which concern the factual allegations set forth in Plaintiffs' Complaint or any claims or issues in this lawsuit.

RESPONSE: None in my possession. EEOC has what was filed with them. My attorney has my communication (privileged) with him.

2. Any and all calendars, diaries, logs, scheduling books, appointment books, electronic records or any other type of document which contain any notes taken by each Plaintiff relating to his employment with Mansfield Industrial, Inc. or any claims or issues in this lawsuit.

RESPONSE: None.

3. All documents evidencing correspondence or communications (including all e-mail or other computer messages) between you and Defendants, including any documents evidencing communications or correspondence sent by or received by any agents, employees or representative(s) of Defendants.

RESPONSE: None.


DEFENDANT'S EXHIBIT
22

4. Any and all documents supporting, concerning or related to each Plaintiff's allegations or damages.

**RESPONSE:** None, other pay stubs which have to be located. The company has better records.

5. All of each Plaintiff's federal and state tax returns, with all accompanying forms and attachments, including W-2 forms, for 2003, 2004, 2005, and subsequent years. This request is continuing in nature and seeks all responsive documents until the trial of this case.

**RESPONSE:** Provided IRS transcripts for 2000, 2001, 2002 and 2005.

6. Any and all documents showing all employment compensation, of whatever kind (including any unemployment benefits), received by each Plaintiff since his employment with Mansfield Industrial, Inc. ended.

**RESPONSE:** None in my possession. Trying to get it from the state.

7. Any and all documents in your possession, custody or control, including but not limited to any document maintained on any computer, computer disk or compact disc, concerning or relating to your efforts to obtain employment since your employment at Mansfield Industrial, Inc. ended, including but not limited to, all documents regarding injuries, job postings, cover letters, e-mail applications, interviews, etc.

**RESPONSE:** None in my possession. The state kept it in their computer.

8. An executed original of the enclosed Authorization for Release of Employment Records and Authorization for the Release of Protected Health Information for each Plaintiff.

**RESPONSE:** Will comply.

9. Any and all documents that each Plaintiff submitted to filed or otherwise gave any state and/or federal agency, which relates in anyway to Defendants.

**RESPONSE:** I do not have them. Please see EEOC.

10. All documents evidencing correspondence or communication (including email or other computer messages) between you and any non-party or entity concerning or relating to the allegations in Plaintiffs' complaint.

**RESPONSE:** None, other than EEOC.

11. All documents in the possession of you or your attorneys that were created by or emanated from Defendants.

RESPONSE: My attorney will respond. Only the EEOC documents are present.

12. All paycheck stubs for each Plaintiff from Defendants.

RESPONSE: I have provided what I have.

13. All documents evidencing any alleged retaliation and/or adverse employment action taken by Defendants regarding each Plaintiff.

RESPONSE: I do not understand.

14. All documents you have provided to or received from any expert witness you plan to call to testify at the trial of this matter (including all reports, summaries, work papers, notes, or other documents generated, obtained, reviewed, or otherwise relied upon by any expert witness you intend to call at the trial of this matter), and all documents consulted or relied upon by any such expert in reaching any conclusions and/or opinions in connection with those matters upon which said experts) will testify.

RESPONSE: No expert identified at this time.

15. All documents in the file or in the possession, custody, or control of each expert who may give testimony at the time of trial, including reports (and all drafts of any reports) relating to each Plaintiff's allegations and all documents, notes, memorandum, or other writings of any kind prepared, received, gathered, or used as a reference or support for testimony.

RESPONSE: N/A

16. Any and all documents not specifically requested which tend to prove or disprove any allegations made in Plaintiffs' complaint or otherwise in this action.

RESPONSE: I have provided what I have. My attorney will follow-up.

17. Produce all demonstrative aids or other matters which maybe disclosed, exhibited or shown during the trial, if any, of this matter (via supplementation if necessary).

RESPONSE: My attorney will provide.

18. For any charts, graphs or compilations to be used for or at trial, if any, produce all underlying data used to create the chart, graph or compilation (via supplementation if necessary).

RESPONSE: My attorney will provide.

Respectfully submitted,

CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.

Collins Pettaway, Jr.(PET008)
Attorney for Plaintiffs
P. O. Box 1290
Selma, AL 36702-1290
(334) 875-9264

Bryon R. Perkins
Attorney for Plaintiffs
THE COCHRAN FIRM
505 N. 20th Street, Ste. 825
The Financial Center
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

This is to certify that I have on this the 30th day of _____ April _____ 2007
served a copy of the foregoing answers by depositing the same in the U.S. mail properly
addressed with postage prepaid upon:

William H. King
Natasha L. Wilson
Haley A. Anderson
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 N. 20th Street
Birmingham, AL  35203-3200

OF COUNSEL

Exhibit F-3.tif

Revenue Service                          **Department of the Treasury**
                                         915 2nd Avenue
                                         Seattle, WA 98174


Date: 01/10/2007                         Person to Contact:
                                           CSR
                                         Telephone Number(s):
                                           1-800-829-1040
                                         Your SSN:
NATHANIEL LAMAR                            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
612 LAWRENCE ST                          Spouse's SSN:
SELMA, AL 36701

                                         Phone Number/Best Time to Call:


Name/Address on Last Return You Filed
NATHANIEL LAMAR                          ☐ Address Change Requested
127 FELIX RD
SELMA, AL 36701


Dear Taxpayer:

In reply to your inquiry of  01/10/2007_____:

Our records show the following account information:

| Tax Year(s) | 200512 | 200212 | 200112 |
|---|---|---|---|
| Type of Return Filed | 1040 | 1040A | 1040A |
| Filing Status | HOFH | SINGLE | HOFH |
| Number of Exemptions | 2 | 1 | 2 |
| Mortgage Interest/ | -0- | -0- | -0- |
| Real Estate Tax Deduction | | | |
| Adjusted Gross Income | 8,336.00 | 9,734.00 | 6,064.00 |
| Taxable Income | -0- | 2,034.00 | -0- |
| Self-Employment Tax | | -0- | -0- |
| Tax on Return | -0- | 204.00 | -0- |
| Federal Income Tax Withheld | 110.00 | 94.00 | 357.00 |
| Earned Income Credit | -0- | -0- | 2,066.00 |
| Refund Issued | 110.00 | -0- | 2,423.00 |

☐ We have no record that you filed a return for tax year(s)_____
☐ Attached is a transcript of your tax return for tax year(s)_____
☐ Address changed per your request.


                    Over                 **Letter 1722 (DO) (Rev. 8-1996)**
                                         Catalog Number 60099N

**Internal Revenue Service**

**Department of the Treasury**
915 2nd Avenue
Seattle, WA 98174

Date: 01/10/2007

Person to Contact:
    CSR
Telephone Number(s):
    1-800-829-1040
Your SSN:
    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
Spouse's SSN:

NATHANIEL LAMAR
612 LAWRENCE ST
SELMA, AL 36701

Phone Number/Best Time to Call:

Name/Address on Last Return You Filed
NATHANIEL LAMAR
127 FELIX RD
SELMA, AL 36701

☐ Address Change Requested

Dear Taxpayer:

In reply to your inquiry of  01/10/2007                    :

Our records show the following account information:

| | | | |
|---|---|---|---|
| Tax Year(s) | 200012 | _____ | _____ |
| Type of Return Filed | 1040A | _____ | _____ |
| Filing Status | HOFH | _____ | _____ |
| Number of Exemptions | 2 | _____ | _____ |
| Mortgage Interest/ | | | |
| Real Estate Tax Deduction | -0- | _____ | _____ |
| Adjusted Gross Income | 7,224.00 | _____ | _____ |
| Taxable Income | -0- | _____ | _____ |
| Self-Employment Tax | -0- | _____ | _____ |
| Tax on Return | -0- | _____ | _____ |
| Federal Income Tax Withheld | 380.00 | _____ | _____ |
| Earned Income Credit | 2,353.00 | _____ | _____ |
| Refund Issued | 2,733.00 | _____ | _____ |

☐ We have no record that you filed a return for tax year(s) _____

☐ Attached is a transcript of your tax return for tax year(s) _____

☐ Address changed per your request.

Over

Letter 1722 (DO) (Rev. 8-1996)
Catalog Number 60099N

Exhibit F-3.tif

If you need additional information, you may request a copy of your return from the Service Center where the return was filed.

If you have any questions concerning this matter, please call our office at the telephone number above. If you write to us, please enclose a copy of this letter.

Sincerely yours,

Evans
9107233

**Letter 1722 (DO) (Rev. 8-1996)**
Catalog Number 60099N

Exhibit F-3.tif

## SUPPLEMENTAL STATEMENT OF NATHANIEL LAMAR

GE's stalls in Plants 2 and 5 had the words "niggers" and "white power" on the walls.   Robert, a white co-worker, wore Confederate battle flag headbands to work. Mchael "Corey" Watson called me a "black ass".

**This is a true and correct statement.**

Nathaniel Lamar

1-03-06

Date

CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☐ EEOC | |

_____ and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Nathaniel Lamar | (334) 874-6530 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 127 Felix Road | Selma, Alabama 36701 | 08/06/1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Mansfield Industry Coating Corporation | NUMBER OF EMPLOYEES, MEMBERS More than 50 | TELEPHONE (Include Area Code) (225) 752-7564 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1029 La Crete | Baton Rouge, LA 70810 | Parish |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| K2 Industrial Services, Inc. | (312) 645-7770 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 414 N Orleans | Chicago, Illinois 60610 | Cook |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| [X] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] AGE |
|---|---|---|---|---|
| [X] RETALIATION | [ ] NATIONAL ORIGIN | [ ] DISABILITY | [ ] OTHER (Specify) | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
Sept. 2003 - Dec. 4, 2003

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHMENT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

Date 3-16-04    *Charging Party (Signature)*

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

I Nathaniel Lamar, testify about the week before July 4, 2003, was told by my lead men that if I wasn't going to work all day on Friday I could go home and come back on Monday. I came to work on Monday and was sent back home for two days without pay. I have witness.

The next time round about August 6, 2003, I was sent to work on the other side along with one more person, and was told not to go back until he come and got me. That was leading up to the weekend. So next Monday I went back to the other side to work for two hours and Johnny left for the day about 9:30 a.m. Then the two lead men call me to the office and ask what I was doing down there. I told them what the other man said. Then I was sent home for two days without pay. I would go to work from Selma to Burkville 37 miles one-way and then be turned around because of rain or if it looks like it's going to rain. But the white guys will be down at the break room and they will get show-up time but the black men wouldn't get it. I do not think its fair.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | **MANSFIELD AMENDED CHARGE** |
| | | and EEOC |

_____ State or local Agency, if any _____

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Nathaniel Lamar | (334) 874-6530 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 127 Felix Road | Selma, Alabama 36701 | 08/06/1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Mansfield Industry Coating Corporation | NUMBER OF EMPLOYEES, MEMBERS More than 50 | TELEPHONE (Include Area Code) (225) 752-7564 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1029 La Crete | Baton Rouge, LA 70810 | Parish |

| NAME K2 Industrial Services, Inc. | TELEPHONE NUMBER (Include Area Code) (312) 645-7770 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 414 N Orleans | Chicago, Illinois 60610 | Cook |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ AGE |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ NATIONAL ORIGIN | | ☐ DISABILITY | ☐ OTHER (Specify) |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)        LATEST (ALL)
September 2003-December 4, 2003

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**OTHER EMPLOYER/AGENCY WHO DISCRIMINATED AGAINST ME:**

| **NAME** | **TELEPHONE** |
|---|---|
| General Electric Company | (518) 433-4308 |

| **STREET ADDRESS** | **CITY, STATE AND ZIP** |
|---|---|
| 1 River Road | Schenectady, New York 12345 |

**SEE ATTACHMENT FOR THE PARTICULARS**

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedeures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT _Nathaniel Lamar_ |
| 4-18-05    _Nathaniel Lamar_ Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (10/94)

Exhibit F-3.tif



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place, Suite2000
1130 22nd Street South
Birmingham, Alabama 35205-2881
(205) 731-0082
TTY (205) 731-0175
FAX (205) 731-2101

# AFFIDAVIT

My name is Nathaniel Lamar. I live at 127 Felix Road Selma, Alabama 36701. I was hired by Mansfield Industry Coating Corporation as a laborer in September of 2002 at $8.00 per hour. I was assigned by Mansfield to work at the G.E. plant in Burksville, Alabama. We were painting steel structures at the G.E. plant. My job duties included it all, painting, painting generators and water blasting. I did not have any special certifications when hired by Mansfield. However, I had already been doing industrial painting at Billingsley. I was performing the same duties as the painters, but I was not paid a painter's wages. Every White guy hired was paid painter's wages, but they were not painters, including some who could not mix paint and were afraid of heights (Earl, Jeff Smitherman and Ace). Earl (White) came in from Georgia at $10.00 per hour and Ace (White) at $11.50 per hour. After, I had worked for nine months, I was raised $1.00 to $9.00 per hour. In four or five months Jeff was raised from $10.00 to $12.50 per hour.

Mansfield treated Blacks and Whites differently when it came to discipline. Jeff was caught sleeping in the pipe rack  one Monday in September of 2003. Johnny Reed (White) supervisor woke him up. Reed did nothing to him for sleeping on the job. On the next dat, Jeff was caught sleeping again in the pipe rack. He was told to go home, get some rest and come back the next day. In July of 2003, Ervin (Black), Cindy (White) and I were working when Ratcliff the G.E. safety man told us to come up because waste was backing up. Cindy and were sent to plant 1 and 2 by our supervision Corey (Michael Watson) and told to work down there until he calls us. So, on the following Monday, I returned to plant 1 and 2 to work. Cindy went back to plant 5. Supervisor Johnny Reed and Superintendent Cruthfield were at plant 1 and 2 and saw me working. After the first break, Corey came to plant 1 and 2 and sent me home for two days. He denied telling me to stay at the other plant until he came to get me.

Around two weeks later, in August 2003, Supervisor Corey was sent to Hunydai plant. Terry (White) became the new supervisor. Terry told us that if we could not come to work and stay all day, stay at home. When I went to work on Monday, I was sent home for two more days. This was witnessed by Ragland, Tarver, Cindy, Rolo and Steven Scott. I went to the plant on Friday after Bill called and said that if I did not come to work,  I would be fired.

All of the time that I was working at Mansfield, I rode with Jack, Rolo or drove my truck. I was late sometimes. We always called when we were late with a flat or something. One time, Jeff York wrote up  Yogi (Ervin) and I for being late. Ralo used to be late often. Johnny Cruthfield was waiting at the gate for Ralo. Cruthfield told Johnny Reed that if Ralo was late to send him home. Jack (White) missed a whole week because of a tire problem with his car and he was not disciplined or sent home.  In fact, he was given a raise. I know this because I saw Jack's pay check.

There were different standard for the Blacks and Whites on the crews. Cruthfield would threaten to fired Blacks about being late. He told us that he was going to talk with the other guys(Whites) about being late. Jack (White) told us that Cruthfield did not have a meeting with them. Around September or maybe in October of 2003, Johnny Reed told me that I could not in the porter bend area outside of 9:00, 12:00 and 3:00. A White guy, Earl, told me that he was going to smoke every 30 minutes. He and supervisor Johnny Reed were smoking together. The next day, I smoked when I got ready. Reid did not discipline me or say anything else.

I heard Johnny Cruthfield tell Johnny Reed and another employee that everything was going well, except for one buzzard painter. I assumed that he was referring to Patrick because he was the only Black painter at the location.

In January or February 2003, Steven a White supervisor and another White employee were caught with drugs in the company truck. The supervisor was sent to another job site and the other guy was fired. I know of three Blacks being fired for not coming to work, Burk Gordon, Gary Shaw and Tyrone. From September 2002 to January 2003, Whites were being paid show time when it rained and Blacks were sent home In December 2003, Jack and I did not go to work on a Friday. On Monday, Johnny Reed called me to the truck and fired me, with no verbal warning, written warning or suspension. In May, 2003, Ace (White) told Steve that he was not going up on the ladder and was drunk everyday. He was not disciplined. He just quit the job.

Nathaneel Lomax



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

EEOC Charge No.: 130-2004-2046
Nathaniel Lamar v. Mansfield Industrial

Nathaniel Lamar
127 Felix Road
Selma, Alabama 36701

Dear Mr. Lamar:

The Equal Employment Opportunity Commission has determined that efforts to conciliate the above referenced charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful. This letter constitutes the notice required by Section 1601.25 of the Equal Employment Opportunity Commission's Procedural Regulations which provides that the Commission shall notify a Charging Party in writing when it determines that further conciliation efforts would be futile or nonproductive.

No further efforts to conciliate this case will be made by the Equal Employment Opportunity Commission. Accordingly, your case has been referred to EEOC's Birmingham District Office Legal Unit for review to determine whether EEOC will bring a civil action in Federal District Court against the above-named Respondent. A determination should be forthcoming in the near future.

If EEOC decides to bring a civil action under Title VII, you have the right to seek to intervene in such an action. If EEOC decides that it will not bring a civil action, you will be notified and will receive a Notice of Right to Sue, which will entitle you to sue the Respondent.

On Behalf of the Commission:

9 MAR 2006
_____
Date

_Beverly S. Hinton for_
_____
Bernice Williams-Kimbrough
District Director

Exhibit F-3.tif



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.:  130-2004-02046

Nathaniel Lamar                          Charging Party
127 Felix Road
Selma, Alabama 36701

Mansfield Industrial                     Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

<u>DETERMINATION</u>

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII).  Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was subjected to a hostile environment because of his race (Black), not paid show-up time as White employees were, and disciplined in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of unlawful discrimination.

Investigation revealed that racial epithets were used at the worksite.  I find reasonable cause to believe that the Charging Party was subjected to racial harassment which created a hostile environment, in violation of Title VII.

No determination is made regarding any other issue.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.  If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.  A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination

against persons who have cooperated in Commission investigations is also prohibited.  These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

_____     _____
Date                                                          Bernice Williams-Kimbrough
                                                                   District Director