IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK LEWIS, JACK RICHARDSON, )<br>NATHANIEL LAMAR, WILLIAM )<br>RAGLAND, RALO CALVIN & ERVIN )<br>TARVER, )<br>)<br>    PLAINTIFFS, )<br>)<br>V. )<br>)<br>K2 INDUSTRIAL SERVICES, INC. AND )<br>MANSFIELD INDUSTRIAL, )<br>)<br>    DEFENDANTS. ) | CASE NO.<br><br>2:06-CV-497-SRW |

### AFFIDAVIT OF JOHNNY CRUTCHFIELD

Having first been duly sworn upon his oath, the Affiant states as follows:

1. I am over the age of 18, sound in mind and body, and capable of making this affidavit.

2. I am a current Mansfield employee. I was Mansfield's superintendent at the GE jobsite and I was in charge of overseeing Mansfield operations there.

**A. Absenteeism and Tardiness**

3. Mansfield's contract with GE was a "hard dollar" contract, meaning that Mansfield was paid one flat price for completing the projects under the contract.

4. Due the nature of the GE contract, and the need for efficiency, it was very important for employees to show up and start work on time each day. Employees were required to report to work promptly at 7:00 a.m. It was also very important for employees to be at work.

**EXHIBIT H**

5. If employees failed to show up on time or failed to show up at all, it took longer for Mansfield to complete the job, and the company could lose money.

6. We generally worked four ten-hour shifts every week at the GE site. We would often work on Monday through Thursday. However, if it rained during one or more of those days, we would be required to make up the time on Fridays, Saturdays, or Sundays.

**B.    Show Up Time**

7. On some occasions, Mansfield employees would be permitted to receive "show up time" if the work site was rained out (known as "rain days").

8. On rain days, employees could receive two (2) hours of pay ("show up time") for cleaning up the work site and performing other light labor.

9. I did not pay show up time on every day that it rained. Whether I allowed show-up time on rain days was based on whether there was any work that could be done on rain days and whether the contract with GE allotted sufficient funds to pay workers for rain days.

10. If employees were not allowed to work on rain days, it was because there was no work that could be done on that particular rain day or because there were not sufficient funds under the contract to allow for show-up pay. In such circumstances, *all* employees, regardless of race, would not be permitted to receive show-up pay.

**C.    Plaintiffs' Termination**

11. None of the plaintiffs ever complained to me about any racial harassment or discrimination.

12. If any of the plaintiffs complained to anyone else about racial harassment or discrimination, I was not aware of those complaints.

13. William Ragland was terminated on December 26, 2003, for poor performance and quality of work.

14. Nathaniel Lamar was terminated because he was frequently late and he had several unexcused absences. Lamar did not like working on Fridays, and he often failed to show up when others had to work on Fridays.

15. Colvin was laid off because Mansfield's contract with GE was nearing an end, and Mansfield underwent a reduction in work force.

16. Ervin Tarver was a good worker. I offered him a foreman's position at the Hyundai jobsite. Hyundai required Tarver and other contract employees to take a drug screen prior to starting work there. Tarver failed the drug screen, and so he was not permitted to work at the Hyundai facility.

17. Jack Richardson was terminated because he was frequently late to work and he had many unexcused absences.

18. Patrick Lewis was terminated for insubordination after he shouted and cursed at his supervisor, Johnny Reed, on the GE jobsite.

Further Affiant sayeth not.

_____
Johnny Crutchfield

Dated: 6-29-07

Subscribed and sworn to before me this 29th day of June, 2007.

_____
Paige Lyon
Notary Public

My Commission Expires:

..........................................

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sept 19, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS