Charge No.: 130-2004-02044

Patrick Lewis                                  Charging Party
113 Furniss Avenue
Selma, Alabama 36701

Mansfield Industrial                       Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

## DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was subjected to harassment because of his race (Black) and retaliated against for reporting the unlawful behavior in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of harassment and contends that he was discharged for insubordination.

Investigation revealed that racial epithets were used at the worksite and the Charging Party complained of discrimination prior to filing this charge. I find reasonable cause to believe that Charging Party was subjected to racial harassment which created a hostile environment and retaliated against for reporting discrimination, in violation of Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination


PLAINTIFF'S EXHIBIT THREE

against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

Date: September 30, 05

Bernice Williams-Kimbrough
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.: 130-2004-02045

Jack Richardson                                    Charging Party
9794 River Road, Lot 30
Selma, Alabama 36703

Mansfield Industrial                               Respondent
1029 LaCrete Road
Baton Rouge, Louisiana 70810

## DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was subjected to harassment based upon the race (Black) of his coworkers/friends and retaliated against because he reported discrimination. He further alleges that he and Black coworkers/friends were denied benefits given to other White employees, all in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of discrimination and contends that he was discharged for absenteeism.

Investigation revealed that the racial epithets were used at the worksite and the Charging Party complained about discrimination prior to filing this charge. I find reasonable cause to believe that Charging Party was subjected to a racially hostile environment and retaliatory discharge for reporting discrimination, in violation of Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination

against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

_____September 18, 05_____        _____[signature]_____
Date                                   Bernice-Williams-Kimbrough
                                       District Director

Case 2:06-cv-00497-WKW-SRW    Document 53-4    Filed 08/15/2007    Page 4 of 12



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.: 130-2004-02650

Ralo Colvin                                    Charging Party
770 B Circle Drive
Selma, Alabama 36701

Mansfield Industrial                           Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

## DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was denied benefits and a raise, discharged, and subjected to disparate treatment as to time and attendance because of his race, Black. He further alleges he was subjected to a hostile environment because of his race (Black), all in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of unlawful discrimination.

Investigation revealed that racial epithets were used at the worksite. Investigation revealed that the Charging Party and a White employee were late for work the same day; the Charging Party was sent home for being late and the White employee was not. I find reasonable cause to believe that the Charging Party was subjected to racial harassment which created a hostile environment and disparate treatment as to time and attendance, in violation of Title VII.

No determination is made regarding any other issue.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

*September 30, 05*
Date

_____
Bernice Williams-Kimbrough
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.: 130-2004-02048

William Ragland                                Charging Party
1522 Plant Street
Selma, Alabama 36701

Mansfield Industrial                           Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

### DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was denied benefits, discharged, and subjected to a hostile environment because of his race (Black), in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of unlawful discrimination.

Investigation revealed that racial epithets were used at the worksite. I find reasonable cause to believe that the Charging Party was subjected to racial harassment which created a hostile environment, in violation of Title VII.

No determination is made regarding any other issue.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination

against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

_September 3, 05_
Date

_[signature]_
Bernice Williams-Kimbrough
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.: 130-2004-02046

Nathaniel Lamar                    Charging Party
127 Felix Road
Selma, Alabama 36701

Mansfield Industrial               Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

## DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was subjected to a hostile environment because of his race (Black), not paid show-up time as White employees were, and disciplined in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of unlawful discrimination.

Investigation revealed that racial epithets were used at the worksite. I find reasonable cause to believe that the Charging Party was subjected to racial harassment which created a hostile environment, in violation of Title VII.

No determination is made regarding any other issue.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination

against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

_September 29 05_
Date

_Bernice Williams-Kimbrough_
Bernice Williams-Kimbrough
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

2000 Ridge Park Place
1130 South 22nd Street
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge No.: 130-2004-02047

Ervin Tarver                                    Charging Party
2811 Earl Goodwin Parkway, Apt. 44
Selma, Alabama 36701

Mansfield Industrial                            Respondent
1029 LaCrete Road
Baton Route, Louisiana 70810

## DETERMINATION

I issue the following determination on the merits of this charge:

Respondent is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was denied benefits and a promotion and subjected to a hostile environment because of his race (Black), in violation of Title VII.

The Respondent denies that the Charging Party has been a victim of unlawful discrimination.

Investigation revealed that racial epithets were used at the worksite. I find reasonable cause to believe that the Charging Party was subjected to racial harassment which created a hostile environment, in violation of Title VII.

No determination is made regarding any other issue.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation. I have enclosed a proposed conciliation agreement which contains provisions that provide relief for the charging Party and injunctive/remedial relief in the interest of public policy.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination

against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

Date: September 30, 05

Bernice Williams-Kimbrough
District Director