IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK LEWIS, JACK RICHARDSON, ) <br> NATHANIEL LAMAR, WILLIAM ) <br> RAGLAND, RALO CALVIN & ERVIN ) <br> TARVER, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> V. ) <br> ) <br> K2 INDUSTRIAL SERVICES, INC. AND ) <br> MANSFIELD INDUSTRIAL, ) <br> ) <br> DEFENDANTS. ) | CASE NO. <br><br> 2:06-CV-497-SRW |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Defendants K2 Industrial Services, Inc. ("K2 Industrial") and Mansfield Industrial, Inc. ("Mansfield") (collectively "Defendants") submit this reply brief in further support of their motion for summary judgment.

## INTRODUCTION

In the face of Defendants' pending motion for summary judgment, Plaintiffs have abandoned the bulk of their claims with the exception of their claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Plaintiffs also maintain that K2 Industrial is a proper party in this litigation. The Plaintiffs' have completely failed to put forth sufficient <u>admissible</u> <u>evidence</u> to support a finding in their favor. Indeed, the Plaintiffs have failed to meet their burden on any of their claims for hostile work environment, disparate treatment, and retaliation. Defendants are entitled to judgment as a matter of law.

I. **PLAINTIFFS FAIL TO PUT FORTH LEGALLY SUFFICIENT EVIDENCE TO SUPPORT THEIR OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

The question before this Court is purely one concerning the legal sufficiency of the Plaintiffs' evidence. The Plaintiffs cannot "sit back and simply poke holes" in the motion. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). *See also Johnson v. Bd. of Regents of University of Georgia*, 263 F.3d 1234, 1242-43 (11th Cir. 2001). The Plaintiffs must present <u>admissible</u> evidence of <u>specific</u> facts that "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

In this Court's September 20, 2006 Uniform Scheduling Order, the Court specifically ordered in Section 2:

> In all briefs filed by any party relating to [a dispositive motion], the discussion of the evidence in the brief must be accompanied by a *specific reference*, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

9/20/06 Scheduling Order, p. 1 (emphasis added). Throughout the entire 11-page brief, Plaintiffs provided only four (4) specific references to evidence in accordance with the Court's Order. Pl. Brief, pp. 12, 13, 14, 15. Plaintiffs' Brief is virtually devoid of references to actual evidence of any dispute of material fact. Rather, the brief contains only empty allegations that cannot be substantiated.

As Plaintiffs themselves pointed out "A mere scintilla of evidence supporting the opposing party's position will not suffice. There must be enough of a showing that the jury could reasonably find for that party." Pl. Brief, pp. 7-8 (citing *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)). "'[The Eleventh Circuit] has consistently held that conclusory allegations without specific supporting facts have no probative value.' *See Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985). '[O]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial.' *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir.1978); *see also* Fed. R. Civ. Proc. 56(e)." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). Plaintiffs have not come forward with such evidence, and no jury could reasonably find in their favor.

Plaintiffs in the instant case merely argue, in essence, that they should not have to adduce this quantum of proof and the burden is on the Defendants. Of course, this is insufficient. Plaintiffs have failed to adduce "concrete evidence on which a reasonable jury could return a verdict in [their] favor." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1384 (6th Cir. 1993) (citing *Anderson*, 477 U.S. at 256). Because Plaintiffs have not and cannot come forward with even a scintilla of admissible evidence, summary judgment should be granted in favor of Defendants on all of Plaintiffs' claims, specifically including the hostile work environment, disparate treatment, and retaliation claims.

## II.   K2 INDUSTRIAL IS NOT A PROPER PARTY TO THIS LITIGATION

In order to sue multiple entities under federal anti-discrimination laws such as Title VII and Section 1981, an employee must show that the entities function as a "single employer" or an "integrated enterprise." *Player v. Nations Biologics, Inc.*, 993 F. Supp. 878, 881 (M.D. Ala. 1997). To determine whether entities are an integrated enterprise,

the Court must consider "the following criteria: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* (citing *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987)). While no single factor is controlling, these criteria simply serve as a framework for assessing "the degree of control an entity has over the adverse employment decision[s]" which gave rise to the suit. *Llampallas v. Mini-Circuits, Lab Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998).

While arguing that K2 Industrial and Mansfield are a single employer, Plaintiffs make no attempt to address the above factors. In support of their contention, Plaintiffs rely upon mere allegations and unsupported statements and simply discount the affidavit testimony of Cecile Vezinat, the Human Resources Director for Mansfield, as self-serving. Plaintiffs simply contend that because K2 Industrial is the parent company of Mansfield, K2 Industrial is, therefore, a proper party. This falls far short of establishing a genuine issue of fact regarding the existence of an integrated enterprise. Indeed, "courts have recognized that the mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its subsidiary as a single employer." *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997); *see also Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1257 (11th Cir. 2004) (holding that common ownership is insufficient to show that entities are a single employer under the Family and Medical Leave Act). In sum, Plaintiffs have not presented evidence from which a reasonable juror could conclude that K2 Industrial may be considered the Plaintiffs' employer. There is no evidence that K2 Industrial and Mansfield share employees or resources. There is no evidence that K2 Industrial had anything to do with the terms and

conditions of the Plaintiffs' employment or their termination/separation from Mansfield. Plaintiffs' assertion that K2 Industrial is a proper party to this litigation is based purely on speculation and conjecture. Accordingly, this claim is without merit and K2 Industrial should be dismissed.

## CONCLUSION

Although Plaintiffs have tried in vain to create the appearance of disputed questions of fact in this case, the evidence shows that there are no genuine disputes of material fact that preclude summary judgment on Plaintiffs' claims. WHEREFORE, the Defendants respectfully request that the Court grant their motion for summary judgment as to Plaintiffs' claims against them for the reasons stated herein and in Defendants' previously filed motion for summary judgment and brief in support thereof.

/s/Haley A. Andrews
One of the Attorneys for Defendants
K2 Industrial Services, Inc. and
Mansfield Industrial

OF COUNSEL:
William H. King, III (KINGW5426)
Natasha L. Wilson (WILSN6654)
Haley A. Andrews (ANDRH6198)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Collins Pettaway
CHESTNUT, SANDERS, SANDERS, PETTAWAY & CAMPBELL, LLC
One Union Street
Post Office Box 1200
Selma, Alabama 36701


/s/ Haley A. Andrews
OF COUNSEL